Exchange Mutual Indemnity Insurance Company, Plaintiff, *v.* Zurich General Accident, Fire and Life Insurance Company, Defendant.

Supreme Court, New York Special Term, January, 1924.

Contribution — workmen's compensation — New York and Connecticut policies — action for contribution from defendant for funds paid out under New York Workmen's Compensation Law — when party deemed not entitled to contribution.

To justify contribution between parties they must be under a common burden or liability.

An employee of the T. Company, injured in circumstances claimed to give him a right to seek compensation under the New York Workmen's Compensation

Law or the Connecticut Workmen's Compensation Law, dissimilar statutes, obtained compensation under the New York law from plaintiff, which had insured the employer under the New York law.  *Held*, that plaintiff was not entitled to contribution from the defendant which had issued to the T. Company a policy identical in form to that issued by plaintiff, except that it related to the Connecticut statute, and that in an action for contribution the defendant was entitled to judgment.

Action for contribution.

*Wilder, Ewen & Patterson* (*Clifford S. Bostwick*, of counsel), for plaintiff.

*Alfred W. Andrews* (*John V. Bouvier, Jr.*, of counsel), for defendant.

Proskauer, J.   Plaintiff issued its liability policy to the Tucker Electrical Construction Company " to pay in the manner provided by the New York Workmen's Compensation Law " all sums which might become due from the employer because of any injury to employees " and the obligation for compensation therefor imposed upon the employer by such law."   The defendant issued to the Tucker Company a policy identical in form, except that it related to the Connecticut Workmen's Compensation Law.   An employee of the Tucker Company was injured under circumstances which it is claimed gave him a right to seek compensation either under the New York or the Connecticut law.   He has obtained compensation under the New York law and the plaintiff has been compelled to pay him under its policy.   It now seeks contribution from the defendant.

It is doubtful if claimant could have succeeded in Connecticut. *Hopkins* v. *Matchless Metal Polish Co.*, 121 Atl. Rep. 828.   Even if he could have, however, to justify contribution the parties must be under a common burden or liability.   13 C. J. 822; *Andrews* v. *Murray*, 33 Barb. 354; *Royster* v. *Roanoke N. & B. S. B. Co.*, 26 Fed. Rep. 492.

While personal injury to an employee was one common element in fixing liability under the two policies, the differences in the statutes made the obligation of the two insurers essentially different and there can be no contribution.   Nor can plaintiff recover on the theory of subrogation.   No rights against the defendant under the Connecticut statute to which plaintiff could succeed have been fixed, nor can they be fixed in an action in the New York court.

Judgment for defendant.   Settle decision and judgment on notice.

Judgment accordingly.