INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant, *v.* AMERICAN SURETY COMPANY, Respondent.

First Department, December 22, 1933.

*Samuel Gottesman* of counsel [*Walter & Wolff*, attorneys], for the appellant.

*Anthony J. Wolf* of counsel [*David S. Konheim* with him on the brief; *William Lurie*, attorney], for the respondent.

GLENNON, J. Plaintiff company, as assignee of John Bister, commenced this action against defendant American Surety Company to recover the sum of $1,278.50 on an auctioneer's statutory bond in the penal sum of $2,000.

On December 23, 1930, Wallace H. Day entered into an agreement in writing with John Bister whereby Day agreed to sell for Bister at public auction a collection of oil paintings. The agreement provided that the sale was to be held on the evenings of January 7 and 8, 1931. The contract also provided: " The party of the second part [Day] agrees that he is to pay the proceeds of the sale less the deduction mentioned above on or before January 19th and is to deliver a bond to the amount of $30,000 to insure such payment."

On January 5, 1931, plaintiff company furnished the required bond in the sum of $30,000.

On the day the contract between Bister and Day was signed, the latter was not a licensed auctioneer, since his former license had expired on June 15, 1930. In order to carry out his contract with Bister and, at the same time, to comply with the laws governing auctioneers, it was necessary for Day to apply for a new license. As a condition precedent for obtaining one pursuant to section 5 of chapter 682 of the Laws of 1897, it was necessary for Day to file a bond in the penal sum of $2,000 with the city clerk of the city of New York. He filed a bond executed by defendant which provided in part that the surety " shall be liable for breach of contract or of duty towards the person or persons consigning goods for sale, as well as for other acts, omissions and matters now provided by law." The bond furnished by plaintiff to Bister was delivered by Day in order to comply with the contract of sale. The bond furnished by defendant was to enable Day to satisfy the requirements of the law.

Day conducted the auction sale of Bister's collection of paintings on the agreed dates. The sale netted the sum of $3,278.50, to which Bister was entitled. Day, however, failed to pay over this amount. Later, the plaintiff company paid this sum to Bister, and procured from Bister *an assignment of his claim against Day* in that amount, together with *an assignment of Bister's rights* against the defendant on the statutory auctioneer's bond filed in Day's behalf.

Thereafter Day paid to the plaintiff, *as the assignee of Bister*, the sum of $2,000, leaving a balance due of $1,278.50. This action was then commenced by plaintiff, *as assignee of Bister*, to recover the balance due for Day's default, pursuant to the provisions of the auctioneer's statutory bond. Plaintiff company thereafter made a motion for summary judgment. The motion was granted only to

the extent of ordering partial summary judgment in favor of plaintiff for one-fifteenth of plaintiff's claim, or the sum of $85.25, on the theory that plaintiff company and defendant were cosureties and, therefore, the doctrine of contribution applied. The Appellate Term affirmed the decision of the City Court.

We do not agree with the conclusion reached by the courts below. The test of cosuretyship is a common liability to the same party or parties for the same debt or burden. (*United States Fidelity & Guaranty Co.* v. *Naylor*, 237 Fed. 314; *Exchange Mutual Indemnity Ins. Co.* v. *Zurich Gen. Acc., Fire & Life Ins. Co.*, 122 Misc. 386; affd., without opinion, 214 App. Div. 713.) It has also been held that before the doctrine of contribution can be applied the sureties must be bound for the same principal and for the same engagement, although not necessarily in the same instrument. (*Aspinwall* v. *Sacchi*, 57 N. Y. 331.)

On the facts in this case the conclusion is inevitable that the bonds of plaintiff company and defendant were not furnished for the same purpose; did not run to the same obligee; did not cover the same subject-matter, and did not purport to guarantee against the identical acts of the principal. Furthermore, they did not impose upon the respective sureties a common liability. Defendant's bond was a statutory bond, the provisions and penalties of which are fixed by law. Its purpose was to " save harmless the City of New York " for any breaches of duty on the part of Day. As a consequence of its provisions, and by the express wording of the statute under which it was given, any party who suffered loss because of the dishonesty of Day in the performance of his business as an auctioneer could maintain an action upon it.

The only party who suffered a loss pursuant to the provisions of the defendant's statutory bond was Bister. The statutory bond did not name Bister as a principal. His right to sue thereon accrued pursuant to the provisions of the statute. He assigned his claim to plaintiff, which sought a recovery based upon the assignment. On the other hand, the bond of plaintiff company was issued pursuant to a private agreement between Bister and Day to guarantee the payment by Day to Bister of the net proceeds of the sale. Thus plaintiff company and defendant were not cosureties for the same principal, nor were they cosureties for the same engagement. There was no common liability for the same debt or burden. Their obligations on their respective bonds were essentially different.

We do not deem it necessary to discuss the other points raised in view of the disposition made.

Accordingly the determination of the Appellate Term and the order of the City Court in so far as it denied plaintiff's motion for

summary judgment should be reversed, and the motion for summary judgment for the full amount granted, with costs to the appellant in all courts.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Determination appealed from and order of the City Court, in so far as it denied plaintiff's motion for summary judgment, reversed, and the motion for summary judgment for the full amount granted, with costs to the appellant in all courts.