In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Liquidate the Business and Affairs of the GENERAL INDEMNITY CORPORATION OF AMERICA. (Claim No. G-1-SU-149. THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, Claimant.)

Supreme Court, New York County, April 28, 1936.

*Alfred C. Bennett* [*Stephen F. Maher* of counsel], for the Superintendent of Insurance, as liquidator.

*Leo T. Kissam* [*Leo T. Kissam* and *J. Francis Hayden* of counsel], for the claimant.

MILLER, J. The Superintendent of Insurance moves to disaffirm the report of the referee allowing the claim of the Chase National Bank in the sum of $15,395.27 against General Indemnity Corporation of America, in liquidation. The claim arises under depositor's forgery bonds issued by the above-mentioned insurer in favor of General Motors Corporation as the insured, and any bank or banks in which the insured carried a deposit account subject to checks, etc., indemnifying the insured or the bank against loss through forgery of these instruments. A loss occurred through payment by the Chase Bank of two checks bearing the forged signatures of the insured. The Chase Bank after debiting the account of the insured, reimbursed the General Motors Corporation, and presented its claim against the insurer under the aforementioned forgery bonds. Thereafter the insurer went into liquidation and a net claim for $15,395.27 was filed with the liquidator. He rejected it by reason of the following facts: The claimant carried bankers' blanket bonds to the extent of $2,000,000 protecting the bank against forgery, larceny and other losses. The insurers liable on these bonds paid the loss to the extent of $14,395.27, deducting $1,000 under the provisions of the bonds, not material here. While the Chase Bank makes a claim for the full sum of $15,395.27, it concedes that its own loss is only $1,000, and the balance it will hold to reimburse its insurers under the blanket bonds. The liquidator argues that there is no liability by subrogation to these insurers; that, on the contrary, they are liable to him for contribution as coinsurers. The referee rejected this view, and his con-

clusion must be accepted as sound. The General Indemnity Corporation bond was intended to reimburse the General Motors Corporation, and any bank in which its funds were deposited, for losses through forgery. The blanket bonds covered the Chase National Bank for losses due to a variety of crimes, including infidelity of its employees. As was said in *Indemnity Ins. Co. of North America* v. *American Surety Co.* (239 App. Div. 522): " The test of cosuretyship is a common liability to the same party or parties for the same debt or burden. ( *United States Fidelity & Guaranty Co.* v. *Naylor*, 237 Fed. 314; *Exchange Mutual Indemnity Ins. Co.* v. *Zurich General Accident, Fire & Life Ins. Co.*, 122 Misc. 386; affd. without opinion, 214 App. Div. 713.) It has also been held that before the doctrine of contribution can be applied the sureties must be bound for the same principal and for the same engagement, although not necessarily in the same instrument. (*Aspinwall* v. *Sacchi*, 57 N. Y. 331.) "

There is lacking here both an identity of principal and identity of engagement. The motion to disaffirm is denied and the cross-motion to affirm is granted. Settle order.