[Civ. No. 30114.   Second Dist., Div. Three.   Mar. 15, 1966.]

THE TRAVELERS INSURANCE COMPANY, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, ALBERT L. GRACE et al., Respondents.

Granger & Ryan and John L. Granger for Petitioner.

Everett A. Corten, Edward A. Sarkisian, T. Groezinger, Loton Wells, David Green, E. J. Dubiel and W. L. Hulse for Respondents.

FRAMPTON, J. pro tem.*—By writ of review Travelers Insurance Company seeks to annul an award of the Industrial Accident Commission holding it jointly and severally liable with the State Compensation Insurance Fund for an award of workmen's compensation benefits to the applicant, who entered into a contract of employment in California and subsequently sustained injury arising out of and in the course of that employment in Alaska.

The facts are not in dispute. The employment contract was executed in Bakersfield, California. The applicant, an oil well driller, sustained injury at Icy Bay, Alaska, on October 9, 1961. After emergency treatment he was transported by plane to his home in Bakersfield.

It does not appear that an application for the adjustment of a claim was ever filed before the Alaska Workmen's Compensation Board and, therefore, no hearing on or determination of the claim of the employee was had in that forum. However, pursuant to the requirements of the Alaska workmen's compensation law, Travelers paid the following: For temporary disability $9,271.42; for permanent partial disability $4,698; and for medical expenses $8,198.40, making a total of $22,167.82. The record before the respondent Industrial Accident Commission, as contained in the return to the writ, as such records relate to the workmen's compensation law of Alaska, indicate that the above mentioned payments cover all liability under the Alaska law except for future medical treatment of the applicant, if required.

On November 2, 1964, after receipt of the above mentioned benefits, the applicant filed a claim with the Industrial Accident Commission of California against the employer and Travelers. In February 1965 the State Compensation Insurance Fund was joined as a defendant in the California proceeding. Travelers contended that its policy covered only claims under the Alaska law and submitted a lien claim for the amounts paid out by it. The State Compensation Insurance Fund, conceding that its policy provided coverage, argued that Travelers collected premiums on the basis of the payroll in Alaska, which included applicant's activities, and therefore in equity Travelers should be held solely liable for any award made under the workmen's compensation law of California.

Upon hearing, the referee found that the Travelers policy

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

provided coverage under the workmen's compensation law of California and assessed liability jointly and severally against the two insurers, allowing a credit to these defendants for the amounts already paid to the applicant. A search of the record does not disclose that the commission has entered its order relieving the employer from liability under the provisions of Labor Code, section 3759, however the record is clear that no award has been made against the employer.

In the "OPINION OF REFEREE ON FINDINGS AND AWARD" the referee stated as follows: "It does appear that there are equities to be adjusted between the two insurance companies. It is the policy in this state to award applicant his compensation first and then adjust equities between insurance companies in supplemental proceedings, which will be done in the instant case." An award issued for $6,520 temporary disability indemnity, $17,010 as permanent disability indemnity, payable at the rate of $52.50 per week beginning July 31, 1963, and thereafter a lifetime pension at the rate of $25.44 per week. The award also included reimbursement for certain self procured medical treatment in an amount to be adjusted by the parties, $35 for medical-legal costs, and $229.50 for transportation costs. It allowed the liens of $750 for attorneys' fees and $35 for a medical report. The award was expressly "less all sums heretofore paid."

In the "OPINION OF REFEREE ON FINDINGS AND AWARD" the referee specifically reserved jurisdiction in the Commission to determine at a subsequent hearing the validity of the lien claim filed by Travelers.

The opinion and order of the commission denying reconsideration confirmed the findings and award of the referee except that it disallowed the lien claim of Travelers, stating that it could see no reason why further proceedings need be had before the commission to resolve the respective liabilities of the insurers except insofar as it might be necessary to determine the reasonable value of the self procured medical treatment or to otherwise enforce the award.

Travelers contends that the commission has no jurisdiction over it in regard to its liability inasmuch as its policy is expressly limited to provide coverage only under the workmen's compensation law of Alaska. It further contends that it is entitled to a lien for the benefits it has paid and which it claims would fall within the provisions of section 4903 of the Labor Code.

■ "The right of the industrial accident commission to make an award against the insurer has never been questioned. And, as a necessary incident of this power, the commission may determine all questions of law and fact on which the liability of an alleged insurance carrier depends." (55 Cal.Jur.2d, Workmen's Compensation, § 217, p. 254; *General Acc. etc. Corp.* v. *Industrial Acc. Com.,* 196 Cal. 179, 190 [237 P. 33].) It is generally stated that the Legislature may empower the commission to exercise jurisdiction over controversies incidental to an award, but it cannot vest in the commission jurisdiction to determine controversies not incidental to such relief. (*Gerson* v. *Industrial Acc. Com.,* 188 Cal.App.2d 735, 738-739 [11 Cal.Rptr. 1].)

■ It seems clear, therefore, that the commission had jurisdiction to determine whether the Travelers policy afforded coverage to the insured under the workmen's compensation law of California.

■ The Travelers policy was filed with the commission and is contained in the record. The provisions of the policy, material to the issue of coverage or noncoverage under the workmen's compensation law of California, are as follows: "DECLARATIONS Workmen's Compensation and Employers' Liability Policy No. RUB-9447121. Item 1. Name of insured Loffland Brothers Company. Address P. O. Box 4567 Tulsa Okla . . . Locations—all usual work places of the insured at or from which operations covered by this policy are conducted are located at the above address unless otherwise stated herein: Chaix Hills No 1 Icy Bay Alaska . . . Item 3. Coverage A of this policy applies to the workmen's compensation law and any occupational disease law of each of the following states: Alaska . . . Item 5. Limit of Liability for Coverage B— Employers' Liability: $500,000, subject to all the terms of this policy having reference thereto. . . . The Travelers Insurance Company . . . Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy: Insuring Agreements I. Coverage A—Workmen's Compensation.

"To pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law. Coverage B—Employers' Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury

by accident or disease, including death at any time resulting therefrom, sustained in the United States of America, its territories or possessions, or Canada by any employee of the insured arising out of and in the course of his employment by the insured either in operations in a state designated in Item 3 of the declarations or in operations necessary or incidental thereto. . . III. Definitions (a) Workmen's Compensation Law. The unqualified term 'workmen's compensation law' means the workmen's compensation law and any occupational disease law of a state designated in Item 3 of the declarations, but does not include those provisions of any such law which provide nonoccupational disability benefits. . . . Exclusions This policy does not apply: . . . (f) under Coverage B, to any obligation for which the insured or any carrier as his insurer may be held liable under the workmen's compensation or occupational disease law of a state designated in Item 3 of the declarations, any other workmen's compensation or occupational disease law, any unemployment compensation or disability benefits law, or any similar law. . . . Conditions . . . 15. Terms of Policy Conformed to Statute. Coverage A Terms of this policy which are in conflict with the provisions of the workmen's compensation law are hereby amended to conform to such law." From the foregoing provisions of the policy we conclude that such policy states clearly and without ambiguity that Travelers agrees to pay all compensation required of the employer under the workmen's compensation law of Alaska, and that it clearly excludes liability under the workmen's compensation law of any other state. The referee, in his report on reconsideration, erroneously concluded that "Coverage B—Employer's Liability" could be interpreted to include coverage under the California workmen's compensation law. His construction ignores Coverage A entirely and he seeks to read Coverage B and the exclusion as providing coverage under the California law on the rationale that Travelers has failed to show where the contract of insurance was made. Coverage B relates to damages, not workmen's com-

[4] Under the California law a policy of workmen's compensation is conclusively presumed to contain all the provisions required by the Insurance Code (Ins. Code, § 11650 et seq.) It authorizes limited policies upon the prior approval of the insurance commissioner after consultation with the Industrial Accident Commission. It provides that failure to obtain prior approval shall render any such policy unlimited. It provides further that each policy shall contain

a clause that the insurer will be bound by orders rendered against any employer, subject to the provisions, conditions and limitations of the policy. Obviously these provisions do not apply to a policy of insurance which by its terms limits the coverage to liability under the provisions of the workmen's compensation law of another jurisdiction, and where a policy covers liability exclusively for injury under the workmen's compensation law of one state, the insurer cannot be held liable in proceedings instituted under the workmen's compensation law of another forum. (*Mandle* v. *Kelly,* 229 Miss. 327 [90 So.2d 645, 650, 92 So.2d 246], [policy covered Georgia Act; proceedings in Mississippi] ; *Pennsylvania Mfrs. Cas. Ins. Co.* v. *Schmerbeck,* 128 N.J.L. 180 [24 A.2d 573, 574, affd. 35 A.2d 719] [policy covered Pennsylvania Act; proceedings in New Jersey] ; *Jones* v. *Hennessy,* 232 La. 786 [95 So.2d 312, 314] ; *Anderson* v. *St. Paul Mercury Indemnity Co.* (La.App.) 84 So.2d 878, 881 [policies covered Texas Act; proceedings in Louisiana].) ██ Where the workmen's compensation law provides for administrative determination of claims by a special tribunal created by a particular state, rights created by the compensation act of that state cannot ordinarily be enforced in another state. (2 Larson, Workmen's Compensation Law, § 84.20, pp. 356-357; *Grenier* v. *Alta Crest Farms,* 115 Vt. 324 [58 A.2d 884].)

██ Because the policy of Travelers did not provide for coverage under the workmen's compensation law of California, the commission was in error in holding Travelers jointly and severally liable with the State Compensation Insurance Fund under an award made pursuant to the workmen's compensation law of California, and such decision must be annulled and set aside as to Travelers.

██ The payments made by Travelers to the employee of the insured do not appear to have been made pursuant to a formal award, after hearing, by the Alaska Workmen's Compensation Board, nor does it appear that an award or the acceptance of benefits under the Alaska law are final or exclusive. Under these circumstances it was proper for the commission, in order to prevent a double recovery for the same injury, to allow a credit against the award made under the workmen's compensation law of California in a sum equal to the payments made on behalf of the insured under the workmen's compensation law of Alaska. (*Industrial etc. Exchange* v. *Industrial Acc. Com.,* 80 Cal.App.2d 480, 482-483 [182 P.2d 309].)

Travelers, by the terms of its policy, was legally liable for the payments which it made on behalf of the employee of its insured under the workmen's compensation law of Alaska and was, therefore, not entitled to a lien against the award made under the California workmen's compensation law. (Cal. Workmen's Compensation Practice (1963 Cont. Ed. Bar), p. 576, citing *Cheeves* v. *Pacific Pipeline & Engrs., Ltd.* (1949) 14 Cal. Comp. Cases 142.)

The record before us discloses that the obligation of Travelers and of the State Compensation Insurance Fund to the employer, Loffland Bros. Co., under their respective policies is several, and therefore, neither insurance carrier may claim the right of contribution from the other by reason of monies paid pursuant to its obligation. (58 Am.Jur., Workmen's Compensation, § 364, pp. 821-822; *United States Casualty Co.* v. *Standard Acc. Ins. Co.*, 175 Tenn. 559 [136 S.W.2d 504, 126 A.L.R. 876] ; *Exchange Mut. Indemnity Ins. Co.* v. *Zurich General Acc., Fire & Life Ins. Co.*, 122 Misc. 386 [202 N.Y.S. 720].)

The findings and award, as modified by the order made in denying reconsideration, insofar as they hold that The Travelers Insurance Company is liable for any award made under the workmen's compensation law of California, are annulled and set aside. They are affirmed in all other particulars.

Shinn, P. J., and Kaus, J., concurred.