JOSEPH T. RYERSON AND SON, INC., Plaintiff-Appellant, v. MANU-LIFE REAL ESTATE COMPANY *et al.*, Defendants-Appellees (Crescent Corporation *et al.*, Defendants).

First District (6th Division)   No. 1—91—2538

Opinion filed November 13, 1992.

Burke, Wilson & McIlvaine, of Chicago (Leonard S. Shifflett and Christopher C. Dickinson, of counsel), for appellant.

Rosenthal & Schanfield, P.C., of Chicago (James M. Dash and Stephen P. Kikoler, of counsel), for appellees.

PRESIDING JUSTICE EGAN delivered the opinion of the court:
This court reversed a judgment in favor of the plaintiff, Joseph T. Ryerson and Son, Inc. (Ryerson), on the ground that the plaintiff had failed to name a necessary party as a defendant. (*Joseph T. Ryerson & Son, Inc. v. Manulife Real Estate Co.* (1990), 207 Ill. App. 3d 622, 566 N.E.2d 297.) The plaintiff then filed a complaint in the circuit court naming the same defendants that were named in the original complaint and the person we had said was a necessary party. The trial judge granted the defendant's motion to dismiss the complaint on the ground that our reversal was *res judicata* of the plaintiff's new complaint. The plaintiff contends that our reversal was not a final order which decided the case on the merits.

The defendant Manulife Real Estate Company (Manulife) contracted with defendant E.W. Corrigan Construction Company (Corrigan) to act as a general contractor on the construction of a new office building on land owned by Manulife. Corrigan subcontracted out the fabrication and installation of a curtain wall to Crescent Corporation (Crescent). Crescent entered into a contract with Ryerson to obtain

the necessary materials for carrying out the terms of Crescent's subcontract with Corrigan.

After a period of time, Crescent discontinued work under its subcontract with Corrigan and consequently stopped obtaining materials from Ryerson. Ryerson was never paid in full and claimed that Corrigan and/or Crescent owed over $55,000 for the materials which were used in the project.

On November 3, 1986, Ryerson filed an action to foreclose a mechanic's lien against Manulife and Corrigan, but did not join Crescent as a party. Both Manulife and Corrigan moved to strike the plaintiff's complaint alleging that Ryerson failed to join Crescent, a necessary party to such an action. Ryerson opposed the motion, and the trial judge denied it. The judge later granted Ryerson's motion for summary judgment against the defendants jointly and awarded Ryerson over $47,000. Manulife and Corrigan appealed.

This court reversed the order of summary judgment; the basis of the reversal was that Ryerson had failed to name Crescent as a party defendant.

Ryerson filed a petition for rehearing in this court alleging that count II of the complaint was an action for a money judgment against the defendants and, therefore, did not require that Crescent be named a necessary party. The petition further asked that the case be remanded to the circuit court for a hearing on the question of whether Crescent had become bankrupt. Ryerson did not ask for a clarification of the meaning of our order reversing the judgment.

We denied the petition for rehearing pointing out that count II specifically alleged that the plaintiff "claims a lien" and was not a claim for money damages pursuant to section 28 of the Mechanics Lien Act. (Ill. Rev. Stat. 1989, ch. 82, par. 28.) We also pointed out that section 28 provides that the plaintiff may either file a claim for a lien or file a complaint and enforce the lien or he may sue the owner and contractor jointly and acquire a personal judgment. Ryerson did not seek leave to appeal to the supreme court.

While the petition for rehearing was pending in this court, Ryerson filed a new complaint in the circuit court and named Crescent as a party along with Manulife and Corrigan. The new complaint was almost identical to the complaint in the original action, but included an additional count that sought recovery from Crescent and a count seeking money damages from Manulife and Corrigan.

Manulife and Corrigan moved for summary judgment, arguing that the new complaint was barred by *res judicata*. The trial judge

granted the summary judgment motion, holding that this court's prior decision barred Ryerson's new claim.

It is necessary that we address the issues as they have been presented to us. But before we do, we wish to point out what has not been made an issue by Ryerson. Our reversal without remand of the order granting summary judgment was based on our holding that Ryerson could never recover *on the complaint before the court as pleaded. (Cf. North Pier Terminal Co. v. Hoskins Coal & Dock Corp.* (1949), 402 Ill. 192, 83 N.E.2d 748.) Ryerson never sought clarification of our order of reversal. Ryerson did not argue in the trial court and does not argue in this court that our mandate ordering reversal was vague (*Cf. Muhlke v. Muhlke* (1918), 285 Ill. 325, 120 N.E. 770), and it does not argue that it should have been permitted to file an amended complaint. Indeed, Ryerson says that "no further proceedings are possible on the initial complaint."

After our reversal, Ryerson filed the complaint that is before us. The defendants filed a motion to dismiss pursuant to section 2—619 under the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)) on the ground that the first complaint was still pending. We repeat that Ryerson never sought leave to amend the first complaint to name Crescent as an additional party.

We turn now to the issues that have been presented to us. Ryerson argues that this court's reversal of the summary judgment in its favor was not a final judgment and was not on the merits.

■ To establish *res judicata* a party must show: (1) that the former adjudication resulted in a final judgment on the merits; (2) that the former and current adjudications were between the same parties; (3) that the former adjudication involved the same cause of action and the same subject matter as the current case; and (4) that a court of competent jurisdiction rendered the first judgment. *People ex rel. Scott v. Chicago Park District* (1976), 66 Ill. 2d 65, 360 N.E.2d 773; *Best Coin-Op, Inc. v. Paul F. Ilg Supply Co.* (1989), 189 Ill. App. 3d 638, 545 N.E.2d 481.

■ Ryerson's entire claim of lack of finality is based on its interpretation of section 13—217 of the Code of Civil Procedure, which provides as follows:

> "In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, *** the plaintiff *** may commence a new action within one year or within the remaining period of limitation,

whichever is greater, after such judgment is reversed ***." Ill. Rev. Stat. 1989, ch. 110, par. 13—217.

Ryerson's argument is that our order was not final because section 13—217 grants it the absolute right to refile. Relief under section 13—217, however, is not available if the underlying case is decided on the merits. *Suslick v. Rothschild Securities Corp.* (1989), 128 Ill. 2d 314, 538 N.E.2d 553; *Murphy v. Giardina* (1979), 78 Ill. App. 3d 896, 397 N.E.2d 845, *aff'd* (1980), 82 Ill. 2d 529, 413 N.E.2d 399 (predecessor of section 13—217, section 24a of the Limitations Act, did not authorize the refiling of an action where the complaint in question was dismissed on the merits).

■ Ryerson's argument, in essence, is that dismissal of a complaint for failure to name a necessary party is not an adjudication on the merits. Ryerson's argument begs the question, which is whether dismissal for failure to name a necessary party is, in fact, an adjudication on the merits. In support of its argument Ryerson refers to Supreme Court Rule 273 (134 Ill. 2d R. 273):

> "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits."

Ryerson is correct in stating that as a general rule the failure to join an indispensable party is not considered an adjudication on the merits under Rule 273. (*In re Application of Busse* (1989), 183 Ill. App. 3d 682, 539 N.E.2d 323.) The issue now becomes whether a statute of this State has specified that failure to join an indispensable party operates as an adjudication upon the merits.

■ Section 11 of the Mechanics Lien Act (Ill. Rev. Stat. 1989, ch. 82, par. 11) provides:

> "The plaintiff shall make all parties interested, of whose interest he is notified or has knowledge, parties defendant, and summons shall issue and service thereof be had as in other civil actions; *** and his failure to so act with regard to summons or notice shall be ground for *judgment against him as upon the merits*." (Emphasis added.)

We judge that the legislature has provided that a dismissal for failure to name a necessary party in a mechanic's lien foreclosure action is an adjudication on the merits.

Ryerson relies principally on *Kutnick v. Grant* (1976), 65 Ill. 2d 177, 357 N.E.2d 480, and *O'Reilly v. Gerber* (1981), 95 Ill. App. 3d 947, 420 N.E.2d 425. In *Kutnick* a trial judge dismissed a case for

want of prosecution; the plaintiff refiled; and another judge dismissed the refiled complaint holding that the first dismissal was an adjudication on the merits, relying on Rule 273. The predecessor act to section 13—217 provided that when an action is dismissed for want of prosecution the plaintiff may commence an action within one year. The defendant argued that the predecessor act was not a statute that "otherwise specifies" within the meaning of Rule 273. In other words, as the supreme court noted, acceptance of the defendant's argument would mean that every case dismissed for want of prosecution and refiled would be subject to dismissal. The court concluded that Rule 273 had no application. The difference between *Kutnick* and the case before us is glaringly obvious: the defendant in *Kutnick* claimed there was no statute specifying that a dismissal for want of prosecution was *not* an adjudication on the merits. In this case there is a statute which specifies that a dismissal for failure to name a necessary party *is* an adjudication on the merits.

In *O'Reilly v. Gerber*, the judge denied the plaintiff's motion for a voluntary dismissal and dismissed the complaint with prejudice for want of prosecution. The appellate court held that the judge properly denied the motion for voluntary dismissal because the plaintiff failed to tender costs to the defendant but that the judge erred in dismissing the case for want of prosecution. The appellate court concluded, as did the supreme court in *Kutnick*, that acceptance of the defendant's position would defeat the right given a plaintiff to refile within one year. *O'Reilly v. Gerber* does not support the plaintiff's position. We judge, therefore, that the legislature has made a dismissal for failure to name a necessary party in a mechanic's lien foreclosure case an adjudication on the merits and that, therefore, section 13—217 has no application.

■ Ryerson has also advanced other arguments against our interpretation of section 11 of the Mechanics Lien Act (Ill. Rev. Stat. 1989, ch. 82, par. 11) and has submitted an affidavit of a professor of English, who expressed an opinion of the meaning of the phrase "in his failure to so act with regard to summons or notice" in section 11. In the professor's opinion, "his failure" means the failure of the defendant, not the plaintiff. In substance, Ryerson now attempts to reargue the interpretation of section 11 which we made in our previous opinion. We will not consider Ryerson's reargument beyond saying that we do not agree with the professor's interpretation of the language of section 11, even if the professor's opinion could be properly considered.

For these reasons, we hold that the trial judge properly concluded that count I of the complaint was barred by the doctrine of *res judicata.*

Count II of the new complaint includes what the plaintiff maintains is an action for a personal judgment against Manulife and Corrigan pursuant to section 28 of the Mechanics Lien Act. (Ill. Rev. Stat. 1989, ch. 82, par. 28.) Ryerson contends that this is a separate claim, and as such, *res judicata* does not apply.

In denying Ryerson's petition for rehearing in the first action, this court determined that count II of the complaint did not allege an action for personal judgment against the owner and general contractor under section 28 of the Mechanics Lien Act. We noted that count II specifically provided that "the plaintiff *claims a lien* upon the above described premises." (Emphasis in original.) We determined that Crescent was a necessary party to both counts of the complaint.

Ryerson's new complaint is virtually identical to the complaint filed in its original action. The new complaint contains the same language quoted by this court in the order denying Ryerson's petition for rehearing.

*Res judicata* extends beyond questions actually litigated and bars claims which could have been raised. (*Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 447 N.E.2d 834.) If the facts and relief sought in the two actions are substantially the same, the doctrine of *res judicata* will apply. *Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 461 N.E.2d 959.

Ryerson, citing *Garbe Iron Works, Inc. v. Priester* (1983), 99 Ill. 2d 84, 457 N.E.2d 422, contends that count I and count II of its complaint are separate causes of action. *Garbe* does state that section 28 of the Mechanics Lien Act, which allows a subcontractor to "sue the owner and contractor jointly," provides a cause of action apart from an action to foreclose a mechanic's lien. *Garbe,* however, addresses whether the plaintiff's complaint stated a cause of action, not whether these two causes of action were separate and distinct claims for the purposes of *res judicata.* That the two claims are based on different theories does not require a finding that they are two separate causes of action for purposes of *res judicata. Best Coin-Op, Inc. v. Paul F. Ilg Supply Co.* (1989), 189 Ill. App. 3d 638, 545 N.E.2d 481.

■ Courts have applied two different tests for determining whether the same cause of action is present for purposes of *res judicata.* The court in *Best Coin-Op* articulated both of these tests. The first test for determining whether two causes of action are the same for *res judicata* purposes is the "same evidence test." (*Best Coin-Op,*

189 Ill. App. 3d at 652.) Under this test, the court must determine whether "the same facts are essential to the maintenance of both cases." (*Best Coin-Op*, 189 Ill. App. 3d at 652.) The second test is the "transactional" test. (*Best Coin-Op*, 189 Ill. App. 3d at 654.) Under this approach, *res judicata* will bar a claim "if a single group of operative facts give rise to the assertion of relief." *Best Coin-Op*, 189 Ill. App. 3d at 654.

■ Under either of these approaches the plaintiff's cause of action fails. Several factors show the identical nature of these claims. Ryerson's claims arise from the use of its materials in Manulife's building. The sole basis for the first count is Ryerson's contract with Crescent and then with Corrigan. Basically, the second count of Ryerson's complaint incorporates the first count of the complaint and adds a different prayer for relief. We conclude that these claims are to be considered the same cause of action for *res judicata* purposes.

The drafters of the Mechanics Lien Act recognized the similarity of the two causes of action that the plaintiff attempts to plead. Section 28 states that the subcontractor may file a claim for a lien or sue for a personal judgment. (Ill. Rev. Stat. 1989, ch. 82, par. 28.) There is no reason why Ryerson could not have pleaded both claims in a single complaint. While these two claims may be separate for pleading purposes, they are not separate for *res judicata* purposes.

For these reasons, the order granting summary judgment on count II in the defendants' favor is affirmed.

Judgment affirmed.

McNAMARA and RAKOWSKI,* JJ., concur.

---

*Justice Rosemary La Porta participated in oral argument before her death. Justice Thomas Rakowski was substituted on the panel. He has listened to the oral argument tape and has read the briefs.