OHIO CASUALTY INSURANCE COMPANY, Plaintiff-Appellee, v. MITCHELL SOUTHWELL, Defendant-Appellant.

First District (2nd Division)    No. 1—95—4298

Opinion filed November 12, 1996.

Karlin & Fleisher, of Chicago (Charles E. Tannen, of counsel), for appellant.

Pretzel & Stouffer, of Chicago (Robert Marc Chemers, Daniel G. Wills, and Scott L. Howie, of counsel), for appellee.

JUSTICE BURKE delivered the opinion of the court:

Defendant Mitchell Southwell appeals from the circuit court's order denying his motion for summary judgment and granting summary judgment in favor of plaintiff Ohio Casualty Insurance Company (Ohio Casualty). On appeal, Southwell contends that Ohio

Casualty was estopped from asserting that the workers' compensation policy it issued Southwell did not provide coverage for Southwell's Illinois workers' compensation claim and that it is against Illinois public policy to limit the territoriality of an insurance policy. For the reasons set forth below, we affirm.

Ohio Casualty issued a policy of insurance to Maple Leaf Marketing, Inc. (Maple Leaf), providing for primary workers' compensation and employer's liability insurance with an effective policy period of October 2, 1988, to October 2, 1989. Section 3.A of the policy provided: "Part One [the workers' compensation section] of the policy applies to the Workers Compensation Law of the states listed here: CAL." Section 3.C of the policy is entitled "Other States Insurance." The policy explains that, for any state listed in this section, "the policy will apply as though that state were listed in item 3.A." The word "None" is typed in the "Other States Insurance" section.

Southwell was employed as a solicitor for Maple Leaf. On January 6, 1989, he was injured in an automobile accident in Illinois during the course of his employment. On September 1, 1989, he filed a claim for workers' compensation benefits under the Illinois Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1992)). In April 1990, Maple Leaf tendered the defense of Southwell's workers' compensation claim to Ohio Casualty, which Ohio Casualty refused to accept.

On June 10, 1994, Ohio Casualty filed a complaint for declaratory judgment seeking a declaration that it was not liable for Southwell's workers' compensation benefits claim, it had no duty to defend Maple Leaf in Southwell's workers' compensation action and it was not obligated to provide any workers' compensation benefits to Southwell in connection with Southwell's automobile accident.

A hearing on Southwell's claim was conducted on November 10, 1994, and January 26, 1995, before an arbitrator designated by the Illinois Industrial Commission. On February 10, 1995, the arbitrator filed its decision with the Industrial Commission, stating that "the relationship of employee and employer existed between" Southwell and Maple Leaf, that Southwell's injuries "arose out of and in the course of the employment by" Maple Leaf, and that Maple Leaf "was covered by Workmen's Compensation Insurance issued by Ohio Casualty Insurance Company." The Industrial Commission entered an award for Southwell for the injuries he sustained.

Southwell served Ohio Casualty with two requests for an admission of facts in August 1995. Pursuant to Southwell's first request, Ohio Casualty admitted that in April 1990 Maple Leaf tendered Southwell's defense of his Illinois workers' compensation claim, it did not accept Maple Leaf's tender, it did not defend Southwell's work-

ers' compensation claim with a reservation of rights and it did not defend Maple Leaf under a reservation of rights. In response to Southwell's second request, Ohio Casualty admitted that Southwell's attached "Exhibit D appear[ed] to be" a letter from Tim Davies, Maple Leaf's president, on Maple Leaf stationery, dated July 21, 1994. Ohio Casualty also admitted "that it received a letter containing substantially the same text." (Davies stated in the July 21 letter that he "fully explained to Ohio Casualty how may [sic] business worked, how it operated in states other than California, and the full extent of [his] business practices and procedures. *** [He] asked for and thought [he] received liability coverage to protect [him] against lawsuits, and worker's compensation coverage adequate to protect [him] against claims by anyone who [he] legally had an obligation to cover.")

On May 23, 1995, Southwell filed a motion for summary judgment and a supporting brief, alleging that those portions of the Ohio Casualty "policy which attempt to limit their [Ohio Casualty's] territorial liability [are] against the public policy of the State of Illinois," that Ohio Casualty "is estopped from asserting their argument that they are not bound by the Industrial Commission ruling finding Mitchell Southwell an employee," and that Ohio Casualty "waived their right to claim that they are not bound by the opinion of the Industrial Commission."

On July 21, 1995, Ohio Casualty filed a cross-motion for summary judgment, arguing that the policy it issued Maple Leaf only provided coverage for claims brought pursuant to California's workers' compensation statute and that the doctrine of *res judicata* did not apply to preclude it from raising defenses against coverage under the policy. The trial court denied Southwell's motion and granted Ohio Casualty's cross-motion for summary judgment. This appeal followed.

■ In reviewing the entry of summary judgment, the appellate court reviews the record *de novo* to determine if "the pleadings, depositions, and affidavits show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Maher & Associates, Inc. v. Quality Cabinets*, 267 Ill. App. 3d 69, 77, 640 N.E.2d 1000 (1994). In determining whether a genuine issue of material fact exists, the evidence is construed in a light most favorable to the nonmoving party. *Purtill v. Hess*, 111 Ill. 2d 229, 489 N.E.2d 867 (1986).

Southwell contends that the trial court failed to consider Illinois public policy and erred in finding that Ohio Casualty's policy did not cover his Illinois workers' compensation claim. Southwell argues that pursuant to section 4(a)(3) of the Workers' Compensation Act (820

ILCS 305/4(a)(3) (West 1992)), it is against Illinois public policy to "interpose the non-territoriality of [Ohio Casualty's] policy." Acknowledging that there are no cases interpreting section 4(a)(3), Southwell cites to case law from other states, which he contends prohibits insurers from limiting territoriality. Southwell fails, however, to discuss these cases and explain how they relate to the present case. Southwell further argues that public policy supports reimbursing "the insured to the extent that the insurer would have been liable under the workers' compensation law of the state listed in the policy" and that Illinois has a "legitimate concern that individuals such as Mitchell Southwell not go uncompensated and become public charges so that vendors are not paid for their services."

Ohio Casualty counters that the trial court properly granted it summary judgment because its policy simply did not provide coverage for workers' compensation claims under Illinois law. Relying on *Lapham-Hickey Steel Corp. v. Protection Mutual Insurance Co.*, 166 Ill. 2d 520 (1995), it argues that California law, which does not prohibit limiting the territoriality of an insurance policy, is applicable to the present case. It further maintains that Southwell's reliance on the Illinois Workers' Compensation Act (Act) is misplaced because the Act does not impose duties on insurance carriers but only on employers and, moreover, that nothing in the policy it issued Maple Leaf "operates to 'limit or modify' Ohio Casualty's liability—because no such liability has arisen in the first place."

■ "Absent an express choice of law, insurance policy provisions are generally 'governed by the location of the subject matter, the place of delivery of the contract, the domicile of the insured or of the insurer, the place of the last act to give rise to a valid contract, the place of performance, or other place bearing a rational relationship to the general contract.' " *Lapham-Hickey*, 166 Ill. 2d at 526-27, quoting *Hofeld v. Nationwide Life Insurance Co.*, 59 Ill. 2d 522, 528 (1975).

■ In *Traveler's Insurance Co. v. Industrial Accident Comm'n*, 240 Cal. App. 2d 804, 50 Cal. Rptr. 114 (1966), the plaintiff was injured in Alaska while working during the course of his employment. Traveler's had issued the plaintiff's employer a policy for workers' compensation coverage which applied only to the workers' compensation law of Alaska. The plaintiff filed a claim with the Industrial Accident Commission of California against his employer and Traveler's. The *Traveler's* court held that "where a policy covers liability exclusively for injury under the workmen's compensation law of one state, the insurer cannot be held liable in proceedings instituted under the workmen's compensation law of another forum." *Traveler's*, 240 Cal. App. 2d at 810, 50 Cal. Rptr. at 118-19.

■ In the case at bar, Ohio Casualty issued Maple Leaf's policy in California. Maple Leaf and Southwell are California residents. All communications regarding the procurement of the policy occurred in California. Therefore, according to *Lapham-Hickey*, California law is controlling. Moreover, pursuant to California law, Ohio Casualty cannot be held liable for Southwell's Illinois workers' compensation claim because the Ohio policy exclusively covers liability for injury under the workers' compensation laws of California. *Traveler's*, 240 Cal. App. 2d 804, 50 Cal. Rptr. 114. Additionally, section 4(a)(3) of the Act, upon which Southwell relies, pertains to an *employer's* duty to insure its employees; it does not apply to an *insurer's* duty, as Southwell argues. 820 ILCS 305/4(a)(3) (West 1992). We therefore find that the trial court did not err in granting summary judgment to Ohio Casualty.

■ In light of our finding, we need only briefly address Southwell's remaining argument that Ohio Casualty is estopped from arguing, and has waived its argument, that its policy does not cover Southwell's workers' compensation claim because it did not participate in the proceedings before the Industrial Commission.

Ohio Casualty responds that the arbitrator's conclusions do not have a preclusive effect on the present proceedings and that *res judicata* is inapplicable because the parties and cause of action before this court (Southwell and Ohio Casualty regarding the applicability of Ohio Casualty's policy) are different than the parties and cause of action before the Industrial Commission (Southwell and Maple Leaf regarding Maple Leaf's obligation to provide workers' compensation benefits to Southwell).

Southwell relies on *Central Mutual Insurance Co. v. Kammerling*, 212 Ill. App. 3d 744 (1991), and *Insurance Co. v. Protective Insurance Co.*, 227 Ill. App. 3d 360 (1992), in support of his estoppel argument. Those cases, however, are distinguishable. In both cases, the reviewing courts held that where an insurer is uncertain as to the extent its policy provides coverage, the insurer has two options: the insurer may either defend the underlying claim under a reservation of rights or it may obtain a declaratory judgment regarding its obligation to defend. If the insurer fails to pursue either course of action, "it is estopped from later raising policy exclusions or defenses in a subsequent action by the insured or the insured's subrogee." *Central Mutual*, 212 Ill. App. 3d at 748. In the present case, however, Ohio Casualty did pursue and obtain a declaratory judgment. Therefore, Ohio Casualty is not estopped from arguing that its policy does not cover Southwell's Illinois claim. Additionally, the Industrial Commission's finding that Maple Leaf "was covered by Workmen's Compensa-

tion Insurance issued by" Ohio does not preclude Ohio Casualty from arguing that its policy does not cover claims under Illinois' workers' compensation law.

Lastly, we find that the doctrine of *res judicata* is inapplicable because the parties and cause of action before the Industrial Commission are different from the parties and cause of action in the present case. *Joseph T. Ryerson & Son, Inc. v. Manulife Real Estate Co.*, 238 Ill. App. 3d 550, 606 N.E.2d 463 (1992).

Accordingly, we affirm the circuit court's order granting Ohio Casualty's motion for summary judgment and denying Southwell's motion.

Affirmed.

HARTMAN, P.J., and DiVITO, J., concur.