No. 1--95--4298

OHIO CASUALTY INSURANCE COMPANY, ) Appeal from the 
 ) Circuit Court of 
 Plaintiff-Appellee, ) Cook County.
 ) 
 v. ) 
 ) 
MITCHELL SOUTHWELL, ) Honorable
 ) John N. Hourihane,
 Defendant-Appellant. ) Judge Presiding.



 JUSTICE BURKE delivered the opinion of the court:
 Defendant Mitchell Southwell appeals from the circuit court's
order denying his motion for summary judgment and granting summary
judgment in favor of plaintiff Ohio Casualty Insurance Company (Ohio
Casualty). On appeal, Southwell contends that Ohio Casualty was
estopped from asserting that the workers' compensation policy it
issued Southwell did not provide coverage for Southwell's Illinois
workers' compensation claim and that it is against Illinois public
policy to limit the territoriality of an insurance policy. For the
reasons set forth below, we affirm. 
 Ohio Casualty issued a policy of insurance to Maple Leaf
Marketing, Inc. (Maple Leaf) providing for primary workers'
compensation and employer's liability insurance with an effective
policy period of October 2, 1988 to October 2, 1989. Section 3.A
of the policy provided: "Part One [the workers' compensation
section] of the policy applies to the Workers Compensation Law of
the states listed here: CAL." Section 3.C of the policy is
entitled "Other States Insurance." The policy explains that, for
any state listed in this section, "the policy will apply as though
that state were listed in item 3.A." The word "None" is typed in
the "Other States Insurance" section. 
 Southwell was employed as a solicitor for Maple Leaf. On
January 6, 1989, he was injured in an automobile accident in
Illinois during the course of his employment. On September 1, 1989,
he filed a claim for workers' compensation benefits under the
Illinois Workers' Compensation Act (820 ILCS 305/1 et seq. (West
1993)). In April 1990, Maple Leaf tendered the defense of
Southwell's workers' compensation claim to Ohio Casualty, which Ohio
Casualty refused to accept. 
 On June 10, 1994, Ohio Casualty filed a complaint for
declaratory judgment seeking a declaration that it was not liable
for Southwell's workers' compensation benefits claim, it had no duty
to defend Maple Leaf in Southwell's workers' compensation action and
it was not obligated to provide any workers' compensation benefits
to Southwell in connection with Southwell's automobile accident. 
 A hearing on Southwell's claim was conducted on November 10,
1994, and January 26, 1995, before an arbitrator designated by the
Illinois Industrial Commission. On February 10, 1995, the
arbitrator filed its decision with the Industrial Commission,
stating that "the relationship of employee and employer existed
between" Southwell and Maple Leaf, that Southwell's injuries "arose
out of and in the course of the employment by" Maple Leaf, and that
Maple Leaf "was covered by Workmen's Compensation Insurance issued
by Ohio Casualty Insurance Company." The Industrial Commission
entered an award for Southwell for the injuries he sustained. 
 Southwell served Ohio Casualty with two requests for an
admission of facts in August 1995. Pursuant to Southwell's first
request, Ohio Casualty admitted that in April 1990 Maple Leaf
tendered Southwell's defense of his Illinois workers' compensation
claim, it did not accept Maple Leaf's tender, it did not defend
Southwell's workers' compensation claim with a reservation of rights
and it did not defend Maple Leaf under a reservation of rights. In
response to Southwell's second request, Ohio Casualty admitted that
Southwell's attached "Exhibit D appear[ed] to be" a letter from Tim
Davies, Maple Leaf's president, on Maple Leaf stationery, dated July
21, 1994. Ohio Casualty also admitted "that it received a letter
containing substantially the same text." (Davies stated in the July
21 letter that he "fully explained to Ohio Casualty how may [sic]
business worked, how it operated in states other than California,
and the full extent of [his] business practices and procedures. ***
[He] asked for and thought [he] received liability coverage to
protect [him] against lawsuits, and worker's compensation coverage
adequate to protect [him] against claims by anyone who [he] legally
had an obligation to cover.") 
 On May 23, 1995, Southwell filed a motion for summary judgment
and supporting brief, alleging that those portions of the Ohio
Casualty "policy which attempt to limit their [Ohio Casualty's]
territorial liability [are] against the public policy of the State
of Illinois," that Ohio Casualty "is estopped from asserting their
argument that they are not bound by the Industrial Commission ruling
finding Mitchell Southwell an employee," and that Ohio Casualty
"waived their right to claim that they are not bound by the opinion
of the Industrial Commission." 
 On July 21, 1995, Ohio Casualty filed a cross-motion for
summary judgment, arguing that the policy it issued Maple Leaf only
provided coverage for claims brought pursuant to California's
workers' compensation statute and that the doctrine of res judicata
did not apply to preclude it from raising defenses against coverage
under the policy. The trial court denied Southwell's motion and
granted Ohio Casualty's cross-motion for summary judgment. This
appeal followed. 
 In reviewing the entry of summary judgment, the appellate court
reviews the record de novo to determine if "the pleadings,
depositions and affidavits show that no genuine issue of material
fact exists and that the moving party is entitled to judgment as a
matter of law." Maher & Associates, Inc. v. Quality Cabinets, 267
Ill. App. 3d 69, 77, 640 N.E.2d 1000 (1994). In determining whether
a genuine issue of material fact exists, the evidence is construed
in a light most favorable to the nonmoving party. Purtill v. Hess,
111 Ill. 2d 229, 489 N.E.2d 867 (1986).
 Southwell contends that the trial court failed to consider
Illinois public policy and erred in finding that Ohio Casualty's
policy did not cover his Illinois workers' compensation claim. 
Southwell argues that pursuant to section 4(a)(3) of the Workers'
Compensation Act (820 ILCS 305/4 (a)(3)(West 1992)), it is against
Illinois public policy to "interpose the non-territoriality of [Ohio
Casualty's] policy." Acknowledging that there are no cases
interpreting section 4(a)(3), Southwell cites to case law from other
states, which he contends prohibits insurers from limiting
territoriality. Southwell fails, however, to discuss these cases
and explain how they relate to the present case. Southwell further
argues that public policy supports reimbursing "the insured to the
extent that the insurer would have been liable under the workers'
compensation law of the state listed in the policy" and that
Illinois has a "legitimate concern that individuals such as Mitchell
Southwell not go uncompensated and become public charges so that
vendors are not paid for their services." 
 Ohio Casualty counters that the trial court properly granted
it summary judgment because its policy simply did not provide
coverage for workers' compensation claims under Illinois law. 
Relying on Latham-Hickey Steel Corp. v. Protection Mutual Insurance
Co., 166 Ill. 2d 520, it argues that California law, which does not
prohibit limiting the territoriality of an insurance policy, is
applicable to the present case. It further maintains that
Southwell's reliance on the Illinois Workers' Compensation Act (Act)
is misplaced because the Act does not impose duties on insurance
carriers but only on employers and, moreover, that nothing in the
policy it issued Maple Leaf "operates to 'limit or modify' Ohio
Casualty's liability--because no such liability has arisen in the
first place." 
 "Absent an express choice of law, insurance policy provisions
are generally 'governed by the location of the subject matter, the
place of delivery of the contract, the domicile of the insured or
of the insurer, the place of the last act to give rise to a valid
contract, the place of performance, or other place bearing a
rational relationship to the general contract.' " Latham-Hickey,
166 Ill. 2d at 526-27. 
 In Traveler's Insurance Co. v. Industrial Accident Comm'n, 240
Cal. App. 2d 804, 50 Cal. Rptr. 114 (1969), the plaintiff was
injured in Alaska while working during the course of his employment. 
Traveler's had issued the plaintiff's employer a policy for workers'
compensation coverage which applied only to the workers'
compensation law of Alaska. The plaintiff filed a claim with the
Industrial Accident Commission of California against his employer
and Traveler's. The Traveler's court held that "where a policy
covers liability exclusively for injury under the workmen's
compensation law of one state, the insurer cannot be held liable in
proceedings instituted under the workmen's compensation law of
another forum." Traveler's, 50 Cal. Rptr. at 118-19. 
 In the case at bar, Ohio Casualty issued Maple Leaf's policy
in California. Maple Leaf and Southwell are California residents. 
All communications regarding the procurement of the policy occurred
in California. Therefore, according to Latham-Hickey, California
law is controlling. Moreover, pursuant to California law, Ohio
Casualty cannot be held liable for Southwell's Illinois workers'
compensation claim because the Ohio policy exclusively covers
liability for injury under the workers' compensation laws of
California. Traveler's, 240 Cal. App. 2d 804. Additionally,
section 4(a)(3) of the Act, upon which Southwell relies, pertains
to an employer's duty to insure its employees; it does not apply to
an insurer's duty, as Southwell argues. 820 ILCS 305/4 (a)(3)(West
1993). We therefore find that the trial court did not err in
granting summary judgment to Ohio Casualty.
 In light of our finding, we need only briefly address
Southwell's remaining argument that Ohio Casualty is estopped from
arguing, and has waived its argument, that its policy does not cover
Southwell's workers' compensation claim because it did not
participate in the proceedings before the Industrial Commission.
 Ohio Casualty responds that the arbitrator's conclusions do not
have a preclusive effect on the present proceedings and that res
judicata is inapplicable because the parties and cause of action
before this court (Southwell and Ohio Casualty regarding the
applicability of Ohio Casualty's policy) are different than the
parties and cause of action before the Industrial Commission
(Southwell and Maple Leaf regarding Maple Leaf's obligation to
provide workers' compensation benefits to Southwell). 
 Southwell relies on Central Mutual Insurance Co. v. Kammerling,
212 Ill. App. 3d 744 (1991), and Insurance Company of the State of
Pennsylvania, 227 Ill. App. 3d 360 (1992), in support of his
estoppel argument. Those cases, however, are distinguishable. In
both cases, the reviewing courts held that where an insurer is
uncertain as to the extent its policy provides coverage, the insurer
has two options: the insurer may either defend the underlying claim
under a reservation of rights or it may obtain a declaratory
judgment regarding its obligation to defend. If the insurer fails
to pursue either course of action, "it is estopped from later
raising policy exclusions or defenses in a subsequent action by the
insured or the insured's subrogee." Central Mutual, 212 Ill. App.
3d at 748. In the present case, however, Ohio Casualty did pursue
and obtain a declaratory judgment. Therefore, Ohio Casualty is not
estopped from arguing that its policy does not cover Southwell's
Illinois claim. Additionally, the Industrial Commission's finding
that Maple Leaf "was covered by Workmen's Compensation Insurance
issued by" Ohio does not preclude Ohio Casualty from arguing that
its policy does not cover claims under Illinois' workers'
compensation law. 
 Lastly, we find that the doctrine of res judicata is
inapplicable because the parties and cause of action before the
Industrial Commission are different than the parties and cause of
action in the present case. Joseph T. Ryerson & Sons v. Manulife
Real Estate Co., 238 Ill. App. 3d 550, 606 N.E.2d 463 (1992). 
 Accordingly, we affirm the circuit court's order granting Ohio
Casualty's motion for summary judgment and denying Southwell's
motion.
 Affirmed.
 HARTMAN, P.J., and DiVITO, J., concur.