UTICA SHEET METAL CORPORATION, on Behalf of Itself and All Other Persons Similarly Situated, Appellant v. MYERS-LAINE CORP. et al., Respondents, and DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Defendant.

Third Department, June 25, 1974.

Foley & Frye (*Richard A. Frye* of counsel), for appellant.

*Abelove, Siegel & Abelove* for Myers-Laine Corp., respondent.

*Felt, Hubbard, Hopkins, Bach & Corrou* (*Vincent R. Corrou, Jr.,* of counsel), for Neil R. Nielsen, Inc. and another, respondents.

GREENBLOTT, J.   In 1967, defendant, Neil R. Nielsen, Inc., entered into a contract with the State Dormitory Authority for construction of a physical education building at Hartwick College in Oneonta.   Defendant Myers-Laine Corporation was a heating, ventilating and air-conditioning subcontractor, and the plaintiff herein, Utica Sheet Metal Corporation, was sub-subcontractor to Myers-Laine for sheet metal work.   A payment bond for the project was furnished by Travelers Indemnity Company.

Plaintiff alleged in its present complaint that it performed work on the project between May 1, 1967 and December 31, 1970.   The relevance of these dates shall hereafter become apparent.   In November, 1970 plaintiff filed a mechanic's lien for a balance allegedly due it from Myers-Laine of $36,165.96. When no payment was made, plaintiff instituted an action alleging two causes of action on April 19, 1971.   In November, 1971 the second cause of action, for payment on the bond pursuant to section 137 of the State Finance Law, was dismissed because plaintiff had failed to give proper notice as required by that statute.   In January, 1972, the first cause of action for foreclosure of the mechanic's lien, was also dismissed because plaintiff had failed to timely file a notice of pendency as required by section 18 of the Lien Law.   Neither dismissal was expressly stated to be on the merits, no appeals were taken, and the propriety of those determinations is not before us.

Subsequently, in February, 1972, plaintiff commenced another suit against the same defendants alleging two causes of action arising out of the same transactions. The first cause of action seeks to impress a trust under article 3-A of the Lien Law; the second is for payment for services rendered and materials sold and delivered pursuant to contract. Special Term granted defendants' motion to dismiss both causes of action, holding, as to the first, that more than one year had elapsed since completion of the project, wherefore the action was barred under subdivision 2 of section 77 of the Lien Law, and holding as to both the first and second, that the prior dismissals had been final judgments on the merits, wherefore subdivision (a) of CPLR 205 did not permit the present actions.

Subdivision (a) of CPLR 205 provides that where "an action is timely commenced and is terminated in any other manner than by * * * a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same cause of action within six months after the termination." The first two causes of action had been timely commenced by plaintiff, but had been dismissed for a failure to satisfy statutory conditions precedent, and the second two causes of action have been commenced within six months of the prior terminations. The threshold question is whether the prior dismissals were on the merits.

CPLR 5013 provides that "a judgment dismissing the cause of action before the close of the proponent's evidence is not a dismissal on the merits unless it specifies otherwise". Special Term noted that the previous orders did not recite that the dismissals were on the merits, but was of the view that the prior decision went to the merits of the plaintiff's rights under the Lien Law. Special Term was correct in its view that the prior order had finally determined plaintiff's right to *relief under the Lien Law* (as well as relief under the State Finance Law), but such order did not make any adverse determination "on the merits" as to the facts underlying those causes of action. Therefore, the prior order could not be preclusive of plaintiff's right to seek a different form of relief, if not time-barred, based upon the same underlying transactions. Moreover, as to the second cause of action asserted in the complaint of February, 1972, which is in the nature of an action upon a contractual obligation benefiting from a six-year Statute of Limitations, the invocation of subdivision (a) of CPLR 205 is unnecessary and the dismissal of this cause of action was improper under any theory in the absence of a

prior judgment adverse to plaintiff upon the underlying facts (see 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 205.01).

As to the cause of action to impose a trust in the complaint now before us, it is urged that it would not have been timely under subdivision 2 of section 77 of the Lien Law when the first action was commenced in April, 1971, and therefore should not benefit from the extension provided in subdivision (a) of CPLR 205. We agree that if this cause of action, which is required to be commenced no more than one year after completion of the project, was barred in April, 1971, it could not be revived. Defendants rely upon a letter from the project architects to the Dormitory Authority purportedly certifying that the project was completed on September 1, 1969. Plaintiff does not specify when the project was completed, merely alleging in its complaint, as heretofore noted, that it performed work between May 1, 1967 and December 31, 1970, and Special Term concluded from the examination before trial that the work was completed in December of 1968. It is impossible on the state of the record before us to ascertain the basis upon which Special Term made a determination more favorable than that urged by defendants, and we can only conclude that the question of when the project was completed, so as to commence the running of the Statute of Limitations is one of fact to be determined at trial (see *Dittmar Explosives* v. *A. E. Ottaviano, Inc.*, 20 N Y 2d 498).

If it is found that the project—not merely the work performed by plaintiff—was completed within one year prior to April 19, 1971, the date upon which the first lawsuit was commenced, the first cause of action to impress a trust in the present case will be entitled to the benefits of subdivision (a) of CPLR 205 and cannot be dismissed as untimely. If it is found that the project completion date was earlier than April 19, 1970, the Statute of Limitations will apply. In either event, as previously noted, appellant is entitled to a trial on its second cause of action for payment under the contract.

The judgment and order should be reversed, on the law and the facts, and motion denied, with costs.

STALEY, JR., J. P., KANE, MAIN and REYNOLDS, JJ., concur.

Judgment and order reversed, on the law and the facts, and motion denied, with costs.