■ WESTINGHOUSE ELECTRIC SUPPLY COMPANY, Respondent-Appellant, v R.P. BROSSEAU and COMPANY et al., Defendants, and PYRAMID CHAMPLAIN COMPANY, Appellant-Respondent.— Mercure, J. (1) Cross appeals from an order of the Supreme Court (Viscardi, J.), entered August 22, 1988 in Clinton County, which, *inter alia,* partially granted plaintiff's motion for summary judgment against defendant Pyramid Champlain Company, and (2) appeal from an order of said court, entered February 14, 1989 in Clinton County, which denied defendant Pyramid Champlain Company's motion for renewal and reargument.

In early 1987, defendant Pyramid Champlain Company (hereinafter defendant) contracted with defendant R.P. Brosseau and Company (hereinafter Brosseau) to provide and install electrical equipment for the construction of the Pyramid Champlain Centre North, a shopping complex in the Town of Plattsburgh, Clinton County. Brosseau then contracted with plaintiff for the fabrication and supply of materials it needed to perform its contract with defendant. Plaintiff extended credit to Brosseau and began shipping materials to

the construction site. Brosseau abandoned the jobsite on June 10, 1987. On the same day, plaintiff was informed that it would not be paid. The following day, defendant obtained an ex parte show cause order that included a temporary restraining order intended to prevent removal of the electric supplies from the site. In support of defendant's motion, an affidavit was submitted by Jacobus Leenman, defendant's construction manager, which stated, *inter alia,* that "[p]ursuant to its contract with [Brosseau], [defendant] is fully able and willing to make required payments for such electrical supplies and materials not already paid for". Plaintiff was advised of the existence of the restraining order on June 12, 1987. A June 17, 1987 stipulation between defendant and Brosseau disposed of the issues raised by the show cause order.

In August 1987, plaintiff commenced this action claiming damages in the amount of $337,550.34. Plaintiff and defendant each moved for summary judgment. By order entered August 22, 1988, Supreme Court determined that plaintiff was entitled to partial summary judgment for the value of all materials at the jobsite and not incorporated in the improvement as of June 11, 1987, granted plaintiff judgment in the amount of $337,550.34 and granted defendant a credit, in an amount to be determined after a hearing, for materials that had been incorporated in the project prior to June 10, 1987. Thereafter, Supreme Court denied defendant's motion to renew and reargue. Defendant now appeals from both orders. Plaintiff cross-appeals from so much of the August 22, 1988 order as allows defendant the opportunity to submit evidence to support a credit against the damage award.

We begin by noting our agreement with Supreme Court's determination that issues of fact preclude a grant of summary judgment on the basis of an express contract between defendant and plaintiff. It is uncontroverted that there is no express written contract, and contradictory affidavits were submitted as to whether an oral contract had been formed. We disagree, however, with Supreme Court's conclusion that defendant is precluded as a matter of law from denying liability by reason of (1) the statements in Leenman's affidavit in support of the order to show cause, and (2) defendant's interference with plaintiff's ability to exercise its repossession rights under the Lien Law occasioned by the temporary restraining order.

Initially, issues of fact preclude a finding of liability based on a quasi-contract theory. A quasi-contract is an obligation created by law in a case where money or its equivalent has

been placed in one's possession under such circumstances that equity and good conscience would not permit it to be retained *(see, Miller v Schloss,* 218 NY 400, 407). Furthermore, the rule is well established that "[w]here there is an express contract, as here, between the general contractor and the subcontractor, the owner of the subject premises may not be held directly liable to the subcontractor on a theory of implied or quasi-contract, unless he has in fact assented to such an obligation" *(Contelmo's Sand & Gravel v J & J Milano,* 96 AD2d 1090, 1091). Put another way, a landowner is generally not liable to a subcontractor absent an agreement to pay the general contractor's debt or circumstances giving rise to such an obligation *(Schuler-Haas Elec. Corp. v Wager Constr. Corp.,* 57 AD2d 707, 708). In our view, the statement that defendant was willing to make the required payments for the materials is ambiguous and could be construed, as defendant urges, to mean that defendant intended to fulfill its contractual obligation with Brosseau. This ambiguity, in the absence of other circumstances giving rise to such a duty, leaves an unresolved factual issue as to whether defendant assented to the obligation. Moreover, until a factual determination is made as to the ultimate disposition of the materials and equipment, it is impossible to determine whether and to what extent defendant was unjustly enriched.

Next, the uncontroverted facts fail to sufficiently establish plaintiff's right to judgment as a matter of law based on the alleged contravention of its repossession rights under Lien Law § 39-c. First, as noted, the ultimate disposition of the materials subject to plaintiff's claimed lien remains at issue. Second, there is no evidence in the record that plaintiff would have repossessed the materials in the absence of the restraining order. Notably, plaintiff did not move to vacate the order *(see,* CPLR 6314; *Matter of Dixon v Talerico,* 217 App Div 191, 192) or for an ascertainment of damages sustained by reason of the restraining order *(see,* CPLR 6315).

Clearly, the moving party in a motion for summary judgment bears the burden of proving entitlement *(see, Hudson Michael Realty v Oliner,* 140 AD2d 778) and the evidence must be viewed in the light most favorable to the party opposing the motion *(see, Robinson v Strong Mem. Hosp.,* 98 AD2d 976). We conclude that the proof submitted by plaintiff, viewed in the light most favorable to defendant, fails to establish plaintiff's entitlement to summary judgment based upon a finding of quasi-contractual liability or upon the restraining order's interference with plaintiff's repossession

rights. Nor has any other theory of liability which would support a grant of summary judgment been brought to our attention.

We have reviewed the remaining contentions of the parties and find that they either lack merit or are moot.

Order entered August 22, 1988 modified, on the law, without costs, by reversing so much thereof as granted plaintiff partial summary judgment; plaintiff's motion for summary judgment denied in its entirety; and, as so modified, affirmed.

Appeal from order entered February 14, 1989 dismissed, as academic, without costs. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.