■ WORLOCK PAVING CORP., Respondent, v W. JAMES CAMPERLINO et al., Appellants. [617 NYS2d 87] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff provided paving services to Waterford Woods, a subdivision owned by defendant W. James Camperlino, pursuant to its contract (the paving contract) with Camperlino's general contractor, Thomas Boehlert. Plaintiff completed the paving in September 1991 but received only partial payment and filed a mechanic's lien against Waterford Woods. Camperlino posted a security bond with United States Fidelity and Guaranty Company (USF&G), as surety, to release the lien.

In June 1992 plaintiff commenced this action, alleging causes of action against Camperlino for breach of contract and "unjust enrichment", and a cause of action against USF&G to enforce its lien upon its surety bond. Thereafter, plaintiff moved to compel Camperlino to answer certain deposition questions and defendants cross-moved for summary judgment dismissing the complaint and for discharge of the bond securing the mechanic's lien.

Were we to accept plaintiff's contention that Camperlino promised to guarantee payment on the paving contract in the event Boehlert defaulted, that guaranty would be unenforceable under the Statute of Frauds (see, General Obligations Law § 5-701 [a] [2]). Plaintiff's contention that the Statute of Frauds does not apply because the main purpose of Camperlino in guaranteeing the debt was his own economic advantage is without merit. Although the " 'main purpose rule' " is the law in many jurisdictions, it is not followed in New York (Martin Roofing v Goldstein, 60 NY2d 262, 268-269, cert denied 466 US 905). To be enforceable under the Statute of Frauds, an oral guaranty "must either be evidenced by writing or plaintiff must prove [the guaranty] is supported by a new consideration moving to the promisor and beneficial to him and that the promisor has become in the intention of the parties a principal debtor primarily liable" (Martin Roofing v Goldstein, supra, at 265; see, Capital Knitting Mills v Duofold,

*Inc.,* 131 AD2d 87, *appeal withdrawn* 70 NY2d 1003). In view of the undisputed fact that plaintiff invoiced Boehlert one month after the purported conversation with Camperlino and "in the absence of any indication that the new promise was intended to extinguish [Boehlert's] liability" *(Capital Knitting Mills v Duofold, Inc., supra,* at 93), it cannot be said that the parties intended that Camperlino become "a principal debtor primarily liable" *(Martin Roofing v Goldstein, supra,* at 265; *see, Bulkley v Shaw,* 289 NY 133, 137-139; *Richardson Press v Albright,* 224 NY 497, 502). Thus, plaintiff's first cause of action must be dismissed.

Plaintiff's second cause of action for unjust enrichment is based upon quasi-contract and must also be dismissed. "Where there is an express contract * * * between the general contractor and the subcontractor, the owner of the subject premises may not be held directly liable to the subcontractor on a theory of implied or quasi-contract, unless he has in fact assented to such an obligation; the mere fact that [the owner] has consented to the improvements provided by the subcontractor and accepted their benefit does not render him liable to the subcontractor, whose sole remedy lies against the general contractor" *(Contelmo's Sand & Gravel v J & J Milano,* 96 AD2d 1090, 1091; *see, Metropolitan Elec. Mfg. Co. v Herbert Constr. Co.,* 183 AD2d 758, 759).

We reject defendants' contention that plaintiff's third cause of action for discharge of the bond securing the mechanic's lien must be dismissed for failure to commence a foreclosure action against Boehlert within one year from the filing of the mechanic's lien *(see,* Lien Law § 19 [2]). Plaintiff properly brought the action to foreclose the mechanic's lien against Camperlino as owner *(see,* Lien Law § 44 [3]), but was under no obligation to commence a foreclosure action against Boehlert *(see,* Lien Law § 54).

Finally, the direction that Camperlino's deposition be continued must be vacated. That direction was made after plaintiff withdrew its motion to compel Camperlino to answer questions put to him at the deposition *(see, Matter of Stoute v City of New York,* 91 AD2d 1043, *lv dismissed* 59 NY2d 602). (Appeal from Order of Supreme Court, Onondaga County, Reagan, J.—Discovery.) Present—Denman, P. J., Green, Doerr and Boehm, JJ.