**CENTRA MORTGAGE HOLDINGS, LTD.**

v.

**William MANNIX a/k/a William C. Mannix.**

**Civil Action No. 3–97–cv–1998 (JCH).**

United States District Court,
D. Connecticut.

May 14, 1998.

James P. Brochin, Hoffnung & Brochin, New Haven, CT, for Plaintiff.

Matthew E. Frechette, Frechette & Frechette, New Haven, CT, for Defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

HALL, District Judge.

### I. INTRODUCTION

The defendant, William Mannix a/k/a William C. Mannix ("Mannix" or "defendant"), has moved for summary judgment relying upon the doctrines of *res judicata* and collateral estoppel. [Dkt. # 10]. For the reasons stated below, defendant's motion is GRANTED based upon the principles of *res judicata.*

### II. SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only when the movant carries its burden of demonstrating that there is no genuine issue of material fact for trial and that it is entitled to judgment as a matter of law. Federal Rules of Civil Procedure 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). No genuine issue exists if, on the basis of all the pleadings, affidavits and other papers on file, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, it appears that the evidence supporting the non-movant's case is so scant that a rational jury could not find in his favor. *See Gallo v. Prudential Residential Servs., Ltd. Partnership,* 22 F.3d 1219, 1224 (2d Cir.1994).

### III. FACTUAL AND PROCEDURAL BACKGROUND

The parties appear to agree on the facts pertinent to consideration of this Motion for Summary Judgment. On or about January 17, 1990, Mannix gave a note to the Harbor National Bank of Connecticut ("Harbor") in the face amount of $125,000. Complaint ¶ 4. (See Exhibit A to defendant's Motion to Dismiss [Dkt. # 9] ). As security for that note, Mannix mortgaged to Harbor his interest in real estate known as 11 Bushy Plain Road, Branford, Connecticut. Amended Complaint Exh. A.

The defendant failed to pay the note when due. *Id.,* Ex. B. By writ and summons dated November 19, 1993, the Federal Deposit Insurance Corporation ("FDIC"), as receiver for Harbor, brought an action in State court against Mannix (hereinafter referred to as "State Lawsuit I").[1]

On June 29, 1994, the FDIC removed State Lawsuit I to Federal court in the District of Connecticut. *Id.* That case was assigned Docket No. 3–94–cv–1116(AVC) (hereinafter referred to as "Federal Lawsuit I"). Federal Lawsuit I was dismissed on November 15, 1995, pursuant to Local Rule 16(a) for failure to prosecute. [Dkt. # 16], Exhibit 2.

On July 18, 1996, the FDIC, in its capacity as receiver for Harbor, filed a second case in State court against the defendant seeking strict foreclosure on the mortgage, immediate possession of the property, and a deficiency judgment against defendant, along with interest, costs and attorney's fees. *Centra Mortgage v. William Mannix, et al.,* CV96–0389038–S, Superior Court, Judicial District of New Haven (hereinafter referred to as "State Lawsuit II"). By motion dated March 7, 1997, Mannix sought summary

---

1. On October 3, 1991, the Harbor National Bank of Connecticut had been declared insolvent by the Office of the Comptroller of the Currency. On that same date, the FDIC accepted appointment as receiver to Harbor pursuant to 12 U.S.C. § 1821(c)(3)(A). ("Motion to Transfer," Exh. 2, Complaint ¶¶ 3 & 4 [Dkt. # 4]).

judgment in the State Lawsuit II, based upon the doctrine of *res judicata.* Thereafter, the FDIC, through new counsel, requested the court to stay State Lawsuit II, pending a ruling in Federal Lawsuit I, on the FDIC's "Motion to Suspend, Alter or Rescind an Order to Dismiss," filed pursuant to district court Local Rule 16(a), or for relief from judgment pursuant to Federal Rules of Civil Procedure 16(b)(6) or to remand to state court. [Dkt. # 9], Ex. 2.

In the Motion to Suspend, Alter or Rescind an Order to Dismiss, the FDIC made several arguments: 1) that the Rule 16(a) dismissal was not on the merits, and that therefore, cause existed for the court to reconsider the dismissal; 2) that the removal of the action to federal court in the first instance had been improper, due to the defendant's failure to notify the state court of the removal, and that therefore the federal court did not have jurisdiction, and any entry of dismissal would be without effect; and 3) that the circumstances justified relief from the dismissal pursuant to Federal Rules of Civil Procedure 60(b)(6).

The court in Federal Lawsuit I denied the plaintiff's motion on all grounds. "Ruling," 10/22/97, [Dkt. # 16], Exh. 3. The court held that a dismissal pursuant to Local Rule 16(a) is a ruling on the merits. Further, the court found that, although Local Rule 16(a) permits any order entered by the court under the Rule to be "suspended, altered or rescinded by the court for cause shown," the plaintiff had failed to give to the court any cause to so suspend, alter or rescind its earlier decision.

With respect to the issue raised by the plaintiff concerning the defect in the removal process, the court held that the FDIC's motion to remand was denied because the motion had been made well beyond the thirty day limit set forth in 28 U.S.C. § 1447(c). Finally, as to the plaintiff's relief sought pursuant to Fed.R.Civ.P. 60(b), the court denied the motion on the grounds that the plaintiff's motion had been filed outside the one-year period provided by that rule. No appeal was taken from Judge Covello's ruling in Federal Lawsuit I.

After the issuance of Judge Covello's ruling in Federal Lawsuit I, the court in State Lawsuit II addressed the defendant's Motion for Summary Judgment based upon *res judicata* principles. The state court granted the Motion and judgment entered for defendant in State Lawsuit II. Motion for Permission, Exhs. 1, 2 [Dkt. # 16]. Apparently, no appeal was taken from this judgment as well.

While awaiting decision by Judge Covello, the FDIC commenced the instant action based upon diversity. The action pending before this court is a suit on the note given by Mannix, on January 17, 1990 (hereinafter referred to as "Federal Lawsuit II"). Since the commencement of this action, Judge Covello ruled in Federal Lawsuit I that the judgment against the plaintiff would stand, and the Superior Court granted the defendant's Motion for Summary Judgment in State Lawsuit II. Thus, the action before this court is the only remaining lawsuit involving these parties and the issues raised by the giving of the note and mortgage by Mannix in 1990.

## IV. DISCUSSION

### A. *Res Judicata* Standards

Under the *res judicata* doctrine, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in [a previous] action." *Federated Dept. Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). A decision on the merits in a previous state court case should be accorded the same preclusive effect in federal court that it would be given in the state court in which it was decided. See 28 U.S.C. § 1738; *Migra v. Warren City Sch. Dist. Bd. of Ed.,* 465 U.S. 75, 85, 104 S.Ct. 892, 79 L.Ed.2d 56; *EFCO Corp. v. U.W. Marx, Inc.,* 124 F.3d 394 (2d Cir.1997). Therefore, this court must apply Connecticut law in determining the preclusive effect of Judge Celotto's decision in the State Lawsuit II, while federal common law applies in determining the preclusive effect of the Rule 16(a) dismissal of Federal Lawsuit I.

Defendant argues that it is entitled to judgment on the basis of *res judicata*, because the FDIC already brought this claim in Federal Lawsuit I, which was dismissed on the merits, and in State Lawsuit II, in which defendant's Motion for Summary Judgment was granted. Defendant argues that, because in both cases defendant was awarded final judgment on the merits, the instant action is barred on the doctrine of *res judicata*.

Plaintiff argues that its earlier foreclosure actions are not the same as the current suit on the note. It cites Connecticut cases in support of its argument that an action for strict foreclosure and an action at law on the note are distinct causes of action under Connecticut law. It argues that Connecticut General Statute § 49–1, which prohibits a suit on a note after a foreclosure, demonstrates that a mortgagee has a range of remedies available.

## B.  Federal Lawsuit I

Federal Lawsuit I, Case No. 94–cv–1116, was dismissed pursuant to Local Rule 16(a). This Rule provides for dismissal, after notice to the parties and an opportunity to explain, of cases "in which no action has been taken by the parties for six (6) months or in which deadlines established by the Court pursuant to Rule 11 appear not to have been met." The Rule further provides that "[a]ny such order entered by the Clerk under this Rule may be suspended, altered or rescinded by the Court for cause shown."

Fed.R.Civ.P. 41(b) is entitled "**Involuntary Dismissal: Effect Thereof.**"  It provides that:

> ... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, of for failure to join a party under Rule 19, operates as an adjudication upon the merits.

■ In this case, the Clerk, as authorized by Local Rule 16, dismissed Federal Lawsuit I on November 15, 1995, by an Order which did not expressly state whether the dismissal was with or without prejudice. On a motion by plaintiff FDIC to suspend, alter or rescind the dismissal, Judge Covello determined that the dismissal had been on the merits. Judge Covello reasoned that dismissal under Federal Rules of Civil Procedure 41(b) is on the merits unless otherwise specified by the court, and that Local Rule 16(a) "is not independent of Rule 41(b)" and is controlled by it.  [Dkt. # 16], Exh. 2. No appeal was taken by the FDIC on the original dismissal, or of Judge Covello's Ruling on the Motion to Rescind, Suspend or Alter the original dismissal. Thus, under *Federated Department Stores,* there is no question that a final judgment on the merits of an action involving these same parties was entered. Fed. R.Civ.P. 41(b)("any dismissal not provided for in this rule ... operates as an adjudication on the merits.")

■ The only issue that remains with respect to the effect of the judgment entered in Federal Lawsuit I is whether the *res judicata* doctrine precludes the FDIC, or its successor in interest, from bringing suit on the note alone, which note had been secured by the mortgage which was the subject of Federal Lawsuit I. With respect to Federal Lawsuit I,

> the doctrine of res judicata provides that when a final judgment has been entered on the merits of [a previous] case, [i]t is a finality as to the claim or demand in controversy, including parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

*Securities and Exchange Comm. v. First Jersey Securities, Inc.,* 101 F.3d 1450, 1463 (2d Cir.1996), *quoting Nevada v. United States,* 463 U.S. 110, 129–130, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983)(internal quotations omitted); *see The Irish Lesbian and Gay Organization v. Giuliani,* 143 F.3d 638, 644 (2d Cir.) ("ILGO") ("[r]es judicata bars litigation of any claim for relief that was available in a prior suit between the same parties or their privies, whether or not the claim was actually litigated.")  "A first judgment will generally have preclusive effect only where

the transaction or connected series of transactions at issue in both suits is the same, that is 'whe[re] the same evidence is needed to support both claims, and whe[re] the facts essential to the second were present in the first.'" *Id.* at 1464, *quoting NLRB v. United Technologies Corp.,* 706 F.2d 1254, 1259 (2d Cir.1983). In *First Jersey Securities, Inc.,* 101 F.3d 1450, for example, the decision from an administrative proceeding involving securities transactions during the years 1975–1979 was held not to preclude a later lawsuit regarding transactions that occurred between 1982 and 1985. The court explained:

> Plainly, the SEC could neither have included its present claims with respect to [the later transactions] in its 1979 administrative charge nor proven those transactions in a hearing that did not extend past 1980. The claim that First Jersey defrauded customers in the sale, purchase, and repurchase of certain securities in 1975–1979 is not the same as the claim that First Jersey defrauded customers in the sale, purchase, and repurchase of other securities in 1982–1985.

*First Jersey Securities, Inc.,* 101 F.3d at 1464. *See also Balderman v. United States Veterans Admin.,* 870 F.2d 57, 62 (2d Cir.1989)(previous litigation concerning reduction of plaintiff's work hours did not preclude later suit challenging termination of employment, which had occurred after first litigation was over).

▮ The plaintiff urges this court to consider Connecticut General Statute § 49–1 in support of its argument that the strict foreclosure brought in Federal Lawsuit I was not a suit on the note and thus judgment against the plaintiff in that action does not bar a subsequent suit on the note alone. The plaintiff is correct that the Connecticut statute permits suit upon the mortgage without requiring simultaneous suit upon the note.[2] The plaintiff argues that because he never achieved a strict foreclosure on the mortgage in the Federal Lawsuit I, or for that matter in the State lawsuit II, his rights under the note have not been extinguished as expressly provided by Connecticut General Statute § 49–1. Although the plaintiff is correct as to the ability of a mortgagee/note holder to elect to proceed only under the mortgage, he misconstrues the consequences of that election under the operation of *the res judicata* doctrine in federal court.

▮ It is clear under Connecticut law that a mortgagee may choose to:

> pursue its remedy at law on the notes, or to pursue its remedy in equity upon the mortgage, or to pursue both. A note and a mortgage given to secure it are separate instruments, executed for different purposes and in this state action for foreclosure of the mortgage and upon the note are regarded and treated, in practice, as separate and distinct causes of action, although both may be pursued in a foreclosure suit.

*Wendell Corporation Trustee v. Thurston,* 239 Conn. 109, 116, 680 A.2d 1314 (1996)(internal citations omitted). "If, by an action solely on the note, the owner secures full payment on the debt, his right to enforce the mortgage is gone, or, if he secures payment in part, he can enforce the mortgage only to secure the payment of the balance." *Id.* at 117, 680 A.2d 1314.

There is no Connecticut case, however, in which a mortgagee was permitted to bring an action on a note after a foreclosure suit that was dismissed. The plaintiff's argument is essentially that, because it has never obtained a judgment in its favor, i.e. a judgment of strict foreclosure, C.G.S. § 49–1 permits it to elect to bring a suit on the note alone, which it seeks to do in the present action. In support of its position, it relies heavily on the decision of *Bowers v. Connecticut National Bank,* 78 B.R. 388, 393 (D.Conn.1987). In that case, a prior action for strict foreclosure by the bank, which resulted in judgment for the defendant, does not appear to have prevented a claim on the note in a subsequent bankruptcy action brought by the bank in the bankrupt mortgagor/debtor's bankruptcy proceeding. However, the *Bowers* court involved the interpre-

---

**2.** The statute clearly provides for consequences that result from a mortgagee's election of that approach, however. C.G.S. § 49–1.

tation of a state court judgment in which the Appellate Court had made certain findings of fact concerning the note. Because the Appellate Court had not remanded the case to the trial court, these factual findings at the appellate level are without effect under Connecticut law. It was the implication of the action of the Appellate Court that was at the heart of the *Bowers* case, not the preclusive effect of the trial court's ruling. These issues were not raised by the parties in *Bowers* and were not addressed by the court in its decision.

■ However, this court does not need to reach this interesting issue of state court foreclosure law. It is not disputed by the parties that a mortgagee/creditor has the *right* under the Connecticut statute to elect to proceed to strict foreclosure of the mortgage or to collect on the note, or to combine both actions in one lawsuit. *People's Bank v. Bilmor Building*, 28 Conn.App. 809, 817, 614 A.2d 456 (1992). The fact that a party has a choice as to how to proceed should not effect the *res judicata* consequences of the ruling on the merits in the action it commences.

> [F]or any claim to be barred by res judicata, the plaintiff must have had the opportunity to raise the claim in the first proceeding. *See Securities and Exchange Comm'n v. First Jersey Securities, Inc.*, 101 F.3d 1450, 1463 (2d Cir.1996) ("[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.") (citation and internal quotations omitted), *cert. denied*, —— U.S. ——, 118 S.Ct. 57, 139 L.Ed.2d 21 (1997).

*DeSario v. Thomas*, 139 F.3d 80, ——, 1998 WL 107858, *6 (2d Cir.1998). There can be no question that the plaintiff had the "opportunity to raise the claim" on the note in Federal Lawsuit I when it was commenced in state court as State Lawsuit I. *People's Bank, supra.* A claim on the note was clearly "available" in State Lawsuit I. *ILGO, supra*, at 644.

---

**3.** There is no provision in the mortgage itself for attorney's fees. Any right to fees is set forth only

In this case, it appears uncontested that the note and mortgage, if not one transaction, were certainly a "connected series of transactions." *First Jersey Securities, Inc.*, 101 F.3d at 1463. The mortgagee was only entitled to foreclose on the mortgage if the debt secured thereby was unpaid and the mortgagor is in default. Further, Federal Lawsuit I sought attorney's fees, entitlement to which could only have been proved by offering the terms of the note.[3]

Further, there can be no question that the facts essential to the proof of its action of strict foreclosure in State Lawsuit I are the same as those essential to proof of a suit on the note. In Federal Lawsuit I, the complaint pleads the existence of the note, Complaint at ¶ 1, the default thereunder, *Id.* at ¶ 6, and claims attorney's fees remedy, *Id.* at ¶ 6 of request for remedy, the right to which arises solely out of the note. See Complaint (State Lawsuit I/Federal Lawsuit I), Motion to Transfer, [Dkt. # 4], Exh. 2.

Thus, this action is barred on federal principles of *res judicata* because of the judgment on the merits entered in the Federal Lawsuit I bars litigation of the claim on the note.

## C. State Lawsuit II

The Connecticut Superior Court granted the defendant's Motion for Summary Judgment in State Lawsuit II. That ruling was not appealed by the plaintiff.

Connecticut law provides:

> [T]he doctrine of *res judicata*, or claim preclusion, provides that a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action between the same parties or those in privity with them on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose... We have adopted a transactional test as a guide to determining whether an action involves the same claim

in the note. [Dkt. # 16], Exh. A at p. 2.

as an earlier action so as to trigger operation of the doctrine of *res judicata.* The claim that is extinguished by the judgment in the first action includes *all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.* What factual grouping constitutes a "transaction"... [is] to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage...

*Fink v. Golenbock,* 238 Conn. 183, 191–92, 680 A.2d 1243 (1996)(numerous internal citations omitted)(emphasis added). Connecticut courts apply the Restatement (Second) of Judgments § 25, as well, which provides that:

[w]hen the plaintiff brings an action on a claim in a court .... in which there is no jurisdictional obstacle to his advancing [multiple] theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders [additional] theories or grounds.

*Connecticut National Bank v. Rytman,* 241 Conn. 24, 44, 694 A.2d 1246 (1997).

■ It is clear that a grant of summary judgment is a final judgment on the merits entitled to full *res judicata* effect. *Hubicki v. ACF Industries, Inc.,* 484 F.2d 519, 524 (3rd Cir.1973); *Connecticut Bank & Trust Co. v. Reckert,* 33 Conn.App. 702, 711–712, 638 A.2d 44 (1994)(citing Connecticut Practice Book § 4002).

■ As the recent *Fink* decision cited above clearly holds, the Connecticut courts have adopted a "transactional test" in applying its *res judicata* doctrine. Thus, while the plaintiff may be permitted to choose two different courses of action under C.G.S. § 49–1, that statute does not, by its terms, alleviate the operation of the *res judicata* doctrine as applied by the Connecticut state courts. Clearly, the note and mortgage at issue between these two parties are "part of

a single transaction or at least a series of connected transaction." *Fink,* 238 Conn. at 192, 680 A.2d 1243. Thus, the granting of summary judgment in the State Lawsuit II operates under the doctrine of *res judicata* as a bar to the maintenance of the instant action on the note.

Therefore, both because of the *res judicata* effect of the judgment entered against the plaintiff in Federal Lawsuit I, and independently, because of the *res judicata* effect of the judgment entered against the plaintiff in State Lawsuit II, this action is barred. Therefore, the defendant's Motion for Summary Judgment is **GRANTED.**

**SO ORDERED.**