[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13417
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-22143-UU

KAREN SHANNON,

Plaintiff-Appellant,

versus

NATIONAL RAILROAD PASSENGER CORPORATION,
d.b.a. Amtrak,

Defendant-Appellee.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 9, 2019)

Before ED CARNES, Chief Judge, BRANCH, and JULIE CARNES, Circuit
Judges.

PER CURIAM:

Karen Shannon appeals the district court's dismissal of her complaint based on the claim splitting doctrine.

## I.

Shannon was terminated by her employer, the National Railroad Passenger Corporation — better known as Amtrak — in May 2017.  Later that month she filed a charge of discrimination with the Equal Employment Opportunity Commission.  Before she received a Notice of Right to Sue from the EEOC, Shannon sued Amtrak in September 2017 ("Shannon I").  She brought claims of race discrimination under 42 U.S.C. § 1981, interference with her rights under the Family Medical Leave Act, and retaliation in violation of § 1981 and the FMLA.

Shannon received a Notice of Right to Sue from the EEOC in February 2018.  Two weeks later she filed a motion to amend her complaint in Shannon I to add various claims, including: race, gender, age, and disability discrimination claims and a retaliation claim under the Florida Civil Rights Act; race and gender discrimination claims, race- and gender-based hostile work environment claims, and a retaliation claim under Title VII of the Civil Rights Act of 1964; an age discrimination claim and a retaliation claim under the Age Discrimination in Employment Act; and a disability discrimination claim and a retaliation claim under the Americans with Disabilities Act.  The district court denied her leave to

2

amend in Shannon I because Shannon filed her motion two months after the deadline for amended pleadings and only two months before the end of discovery.

Two months later Shannon filed the present lawsuit ("Shannon II"). She brought a retaliation claim under of the Florida Whistleblower Act and claims of race, gender, age, and disability discrimination and a retaliation claim under the Florida Civil Rights Act. The district court dismissed Shannon II based on the claim splitting doctrine because Shannon I was still pending. The court later granted summary judgment against Shannon in Shannon I. She challenged that judgment on appeal — she did not, however, challenge the district court's denial of her motion to amend — but we affirmed. Shannon v. Nat'l R.R. Passenger Corp., No. 18-13149, 2019 WL 2170658 (11th Cir. May 20, 2019) (unpublished). Shannon now appeals the dismissal of her complaint in Shannon II.

## II.

We review for an abuse of discretion the dismissal of a complaint based on the claim splitting doctrine. Vanover v. NCO Fin. Servs., Inc., 857 F.3d 833, 837 (11th Cir. 2017). "[T]he claim-splitting doctrine derives from the doctrine of res judicata." Id. at 836 n.1; see also id. at 841. It "applies where a second suit has been filed before the first suit has reached a final judgment," id. at 840 n.3 (quotation marks omitted), and where "the first suit, assuming it were final, would

preclude the second suit," id. at 841 (quotation marks omitted).  See generally id. at 840–41.

We use a two-step test to determine whether the claim splitting doctrine precludes a plaintiff from raising claims in a second lawsuit.  At the first step, we ask "whether the case[s] involve[] the same parties and their privies."  Id. at 841–42 (quotation marks omitted).  The answer here is yes:  In both Shannon I and Shannon II, Shannon was the plaintiff and Amtrak was the defendant.

At the second step, we ask whether the cases "arise from the same transaction or series of transactions" — in other words, whether they are "based on the same nucleus of operative facts."  Id. at 842 (quotation marks omitted).  Here again, the answer is yes.  Both Shannon I and Shannon II were rooted in Amtrak's alleged discriminatory treatment of Shannon beginning in 2013 and culminating in her termination in 2017.  As the district court noted, Shannon's complaints in Shannon I and Shannon II "are so similar that they repeat language verbatim in numerous paragraphs, and even share typographical errors."  The only factual differences between Shannon I and Shannon II that Shannon identifies are minor details that she added to her Shannon II complaint to support her new causes of action.  But those new causes of action and the causes of action she brought in Shannon I still "arise out of the same transactional nucleus of facts," so her

4

"addition of separate causes of action" in <u>Shannon II</u> "does not prevent application of the claim-splitting doctrine." <u>Vanover</u>, 857 F.3d at 843.

Notwithstanding that analysis, Shannon argues that it was an abuse of discretion for the district court to apply the claim splitting doctrine in <u>Shannon II</u> after it denied her motion to amend her complaint in <u>Shannon I</u>. We disagree. If anything, the district court's denial of her motion to amend in <u>Shannon I</u> and her failure to challenge that denial in her <u>Shannon I</u> appeal means that the claims she brought in <u>Shannon II</u> are barred not only by the claim splitting doctrine, but also by res judicata. <u>See</u> <u>EFCO Corp. v. U.W. Marx, Inc.</u>, 124 F.3d 394, 399–400 (2d Cir. 1997) ("Where a plaintiff's motion to amend its complaint in the first action is denied, and plaintiff fails to appeal the denial, res judicata applies to the claims sought to be added in the proposed amended complaint."); <u>see also</u> <u>Thomas v. Cooper Lighting, Inc.</u>, 506 F.3d 1361, 1364 (11th Cir. 2007) ("We may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below.").

**AFFIRMED.**

5