[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 16, 2009
THOMAS K. KAHN
CLERK

No. 08-15692 & No. 09-10137
Non-Argument Calendar

D. C. Docket No. 06-02324-CV-JTC-1

YOLANDA MCMILLAN,

Plaintiff-Appellant,

versus

FULTON COUNTY GOVERNMENT,
et al.,

Defendants,

FULTON COUNTY, GEORGIA,

Defendant-Appellee.

Appeals from the United States District Court
for the Northern District of Georgia

(October 16, 2009)

Before DUBINA, Chief Judge, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Yolanda McMillan, *pro se*, appeals the district court's grant of summary judgment in favor of Appellee Fulton County in her employment discrimination suit brought under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e, *et seq*, for retaliation and discrimination on the basis of her race.[1] On appeal, McMillan argues that: (1) she was deprived of access to an Article III judge because a magistrate judge disposed on her pretrial motions, and because the magistrate judge was not authorized to enter a report and recommendation on Fulton County's Motion for Summary Judgment; (2) the district court erred in granting summary judgment because the district court failed to adopt the magistrate judge's conclusions of law; and (3) the district court erred in granting summary judgment in favor of Fulton County because Fulton County did not submit a properly supported summary judgment motion.

McMillan's first argument, regarding the magistrate judge's jurisdiction and authority to handle various motions and objections, was not raised in the district

---

[1]McMillan filed two separate notices of appeal. The first was "from the final judgment entered in this action on June 16, 2008; and order denying motion for reconsideration and denying stay entered on August 28, 2008," assigned case number 08-15692. The second was "from the order entered in this action on August 28, 2008 denying stay and from the order entered in this action on December 11, 2008 that denies motion for reconsideration," assigned case number 09-10137. The appeals were consolidated prior to the briefing deadline.

2

court. We, therefore, decline to consider her argument as it does not fall within any of the recognized exceptions to the rule that we will not consider issues not previously raised in the district court. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331-32 (11th Cir. 2004).

McMillan's second claim, that the district court failed to adopt the magistrate judge's legal conclusions, is without foundation. The district court's order states that the court "adopts the Magistrate Judge's Report and Recommendation as the opinion of this Court." (R. 5-164 at 1.) We conclude that the district court properly considered McMillan's objections to the magistrate judge's report and recommendation and fully adopted its legal conclusions.

McMillan's final argument, challenging the sufficiency of the evidence presented by Fulton County in support of its motion for summary judgment, is also without merit. "We review a district court order granting summary judgment *de novo*, and view all of the facts in the record in the light most favorable to the non-moving party, and draw all inferences in her favor." *Frederick v. Sprint/United Mgmt. Co.*, 246 F.3d 1305, 1311 (11th Cir. 2001). "Summary judgment is only proper if there are no genuine disputed issues of material fact, and the moving party is entitled to judgment as a matter of law." *Id.* In the context of summary judgment, we look at the record as a whole, reviewing all of the evidence in the

record.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 2110 (2000).

To demonstrate a *prima facie* case of Title VII discrimination, McMillan must show the following: (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) she was qualified to do the job; and (4) her employer treated similarly situated employees outside of her protected class more favorably.  *Lathem v. Dep't of Children and Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999).  Once McMillan establishes a *prima facie* case of discrimination, under the *McDonnell Douglas* framework, the burden shifts to Fulton County to articulate a non-discriminatory reason for its actions.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04, 93 S. Ct. 1817, 1824-25 (1973).  Assuming it is able to offer a non-discriminatory reason, the burden again shifts to McMillan to show that the non-discriminatory reason offered by Fulton County was a pretext for discrimination.  *Id.*

McMillan asserts three adverse employment actions were taken against her by Fulton County: (1) in 2006, Fulton County delayed her annual review from January until March; (2) her supervisor had a Fulton County Sheriff's Deputy accompany him when he delivered the letter notifying McMillan of his intention to suspend her without pay for a period of 30 days for her failure to complete and

4

submit a required Amerigroup Medicaid managed case provider application ("Amerigroup application"); and (3) McMillan was placed on a 30-day unpaid suspension. We conclude only the unpaid suspension represents an adverse employment action. *See Doe v. DeKalb County Sch. Dist.*, 145 F.3d 1441, 1453 (11th Cir. 1998) (holding that the action must be a material change in the terms, conditions, or privileges of employment and more than a *de minimus* inconvenience or alteration of responsibilities).

Although McMillan demonstrated that she is a member of a protected class, was subjected to an adverse employment action, and is qualified for her job as a nurse, she has not demonstrated that her employer treated similarly situated employees outside of her protected class more favorably. The evidence shows that all of the other employees completed the Amerigroup application, and that no other employee was suspended. Therefore, McMillan has not carried her burden in demonstrating a prima facie case of discrimination under Title VII.

To establish a *prima facie* case of retaliation under Title VII, McMillan must show: (1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) there is some causal relation between the two events. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). Regarding the causal link, a plaintiff "merely has to prove that the protected

5

activity and the negative employment action are not completely unrelated." *Id.* (internal quotation marks omitted). The *McDonnell Douglas* framework for the allocation of burdens and presentation of proof also applies in Title VII retaliation cases. *See Crawford v. Carroll*, 529 F.3d 961, 974 (11th Cir. 2008).

We conclude from the record that the district court properly determined that McMillan failed to show any connection between her protected activity, sending a letter to the Fulton County Board of Commissioners and the Fulton County Office of Equal Employment alleging discrimination, and her suspension. It is undisputed that McMillan received the letter informing her of her supervisor's intention to suspend her without pay for her failure to complete the Amerigroup application before she engaged in any protected activity. Therefore, given the stated reason for the suspension, and the timing of McMillan's participation in the protected activity, we conclude that McMillan has failed to demonstrate any causal connection between her participation in protected activity and the unpaid suspension.

Further, even assuming that McMillan demonstrated *prima facie* cases of discrimination and retaliation, she failed to show that Fulton County's non-discriminatory reason for placing her on unpaid suspension was pretextual. Fulton County has provided sufficient evidence that McMillan was suspended for failure

to complete the Amerigroup application. Without some evidence that the non-discriminatory reason provided by Fulton County was illegitimate, McMillan cannot support her Title VII claims. McMillan has not presented any such evidence.

To the extent that McMillan also challenges the "legality" or admissibility of the depositions and affidavits provided by Fulton County in support of its motion, we affirm the reasoning and analysis in the district court's order adopting the magistrate judge's report and recommendation. Accordingly, we affirm the district court's grant of summary judgment in favor of Fulton County, as appealed in case number 08-15692. We also affirm the district court's denial of McMillan's motions for reconsideration, and motion to stay proceedings, as appealed in case number 09-10137.

**AFFIRMED.**