[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 5, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12843
Non-Argument Calendar

_____

D. C. Docket No. 07-02073-CV-JTC-1

YOLANDA MCMILLAN,

Petitioner-Appellant,

versus

FULTON COUNTY, GA,
STEVEN R. KATKOWSKY,
individually and in official capacity as Director,
Department of Health and Wellness for Fulton
County,
THOMAS C. ANDREWS,
individually and in his official capacity as
County Manager for Fulton County,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 5, 2009)

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Yolanda McMillan appeals the district court's denial of an entry of default and the dismissal of her race discrimination action. After a thorough review of the record, we affirm.

I. Background

In December 2006, McMillan filed an amended pro se civil rights complaint against Fulton County under Title VII, 42 U.S.C. § 2000e, alleging racial discrimination ("McMillan I"). After the County filed a motion to dismiss, McMillan requested leave to amend her complaint a second time. The district court denied the motion and ultimately granted summary judgment in favor of the County. McMillan appealed, but did not challenge the denial of leave to amend the complaint. This court affirmed the summary judgment order. McMillan v. Fulton County, Ga., No. 08-15692 & 09-10137, manuscript op. at 7 (11th Cir. Oct. 16, 2009).

In August 2007, while the appeal of McMillan I was pending, McMillan filed the complaint at issue in this appeal. She named as defendants Fulton County and employees Steven Katkowsky and Thomas Andrews, in their individual and official capacities, and alleged violations of her First and Fourteenth Amendment

2

rights, equal protection violations, and racial discrimination and retaliation following disciplinary actions and her termination from employment. This complaint effectively mirrored the second amended complaint McMillan sought leave to file in McMillan I.[1]

Fulton County, Katkowsky, and Andrews (collectively, "the defendants") moved to dismiss the complaint under Fed. R. Civ. P. ("Rule") 12(b)(6). The defendants alleged that the claims were barred by res judicata because, in McMillan I, McMillan had moved for leave to file a second amended complaint, and the denial of leave to amend constituted a final judgment on the merits by a court of competent jurisdiction in a case involving identical parties; thus, the claims were barred.

McMillan did not respond to the motion to dismiss. Instead, she filed a motion for entry of default based on the defendants' failure to file an answer.

The magistrate judge recommended denying the motion for entry of default

---

[1] The second amended complaint in McMillan I also raised Title VII claims arising from the same set of facts. This court analyzes Title VII and §§ 1981 and 1983 under the same standards. See Butts v. County of Volusia, 222 F.3d 891, 893-94 (11th Cir. 2000) (holding that in a case involving state actors, there is no liability under § 1981, and such claims merge into the § 1983 claims); Abel v. Dubberly, 210 F.3d 1334, 1338 (11th Cir. 2000) (holding that Title VII and § 1983 claims have the same elements where the claims are based on the same set of facts); Standard v. A.B.E.L. Services, Inc., 161 F.3d 1318, 1330 (11th Cir. 1998) (holding that Title VII and § 1981 claims are analyzed in the same manner).

3

and dismissing the complaint with prejudice as barred by res judicata. The magistrate judge found that the decision to deny leave to amend a complaint was a final judgment on the merits.

The district court adopted the magistrate judge's recommendation, over McMillan's objections, denied the motion for entry of default, and dismissed the complaint with prejudice. This appeal followed.

II. Discussion

A. Entry of Default

We review the denial of a motion for default judgment for abuse of discretion. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316 (11th Cir. 2002).

Here, contrary to McMillan's claim, the defendants were not required to file an answer until ten days after the court disposed of the pending motion to dismiss. Fed. R. Civ. P. 12(a)(4)(A), 12(b). Therefore, we conclude that the court properly denied the motion for entry of default.

B. Dismissal[2]

---

[2] There is no merit to McMillan's claim that the district court erred by failing to give notice before converting the motion to dismiss to a motion for summary judgment to consider evidence relevant to the res judicata issue. See Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005) (finding no error when court considered documents attached to the motion to dismiss the complaint because the documents were undisputed in their authenticity and were central to the plaintiff's claims); Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1268-70 (11th Cir. 2002) (applying harmless error standard and considering matters outside the pleadings for purposes of determining whether

We review the dismissal of a complaint under Rule 12(b)(6) <u>de novo</u>, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  <u>Swann v. S. Health Partners, Inc.</u>, 388 F.3d 834, 836 (11th Cir. 2004).  A district court's determination of res judicata is also reviewed <u>de novo</u>.  <u>EEOC v. Pemco Aeroplex, Inc.</u>, 383 F.3d 1280, 1285 (11th Cir. 2004).

Res judicata will bar a later action if the following requirements are met: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same.  <u>Jang v. United Tech. Corp.</u>, 206 F.3d 1147, 1149 (11th Cir. 2000) (citation omitted).  Even liberally construing McMillan's argument, <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11th Cir. 1998), we conclude she does not contest that the issues and parties are the same.  The only issue is whether the denial of leave to file a second amended complaint in McMillan I is a final judgment on the merits that would bar the instant case.

Here, after the district court denied McMillan's motion for leave to file a second amended complaint and granted summary judgment in McMillan I,

---

preclusion applied).  Additionally, there is no merit to McMillan's claim that the district court could not have rendered its decision because the defendants did not submit to the court's jurisdiction.

McMillan did not challenge the denial of her motion to amend her complaint in her appeal. This court has since affirmed the district court's summary judgment order in McMillan I. Therefore, there is a final decision on the merits, and the court properly applied res judicata to the instant complaint. See e.g., EFCO Corp. v. U.W. Marx, Inc., 124 F.3d 394, 400 (2d Cir. 1997) (explaining that res judicata applies when the plaintiff has been denied leave to amend a complaint and does not appeal that decision).

For the foregoing reasons, we AFFIRM the order of the district court.

**AFFIRMED**.